## Thomas B. Kenyon v. John Baker.

*Proof of judgment: Docket entry.* Our practice does "not require a judgment-record to be made up, in a separate form, but it does not dispense with the pleadings and proceedings necessary to give the court jurisdiction over a cause, and over the defendant. The docket entry of a judgment, without proof of such files, entries and proceedings, as could alone justify the court in awarding it, is no evidence whatever of a valid judgment.

*Exemption: Articles used in business.* It is not necessary, in order that a person may claim the benefit of exemption for " things to enable him to carry on the profession, trade, occupation or business in which he is wholly or principally engaged," that such articles should be absolutely necessary for that purpose. It is enough if they are suitable, and actually used therefor.

Neither is it necessary for him to have one engrossing pursuit, requiring all or most of his time. If he has two separate pursuits, the exempted articles must belong to his principal business. But if they are used in both, they are also exempt. And if his entire business occupies but a portion of his time, it is not thereby removed from legal protection.

Where a person who had been trading for several years, left it off and devoted his time chiefly to attending to the settlement of his business affairs, for which he was obliged to travel about, and used a horse and wagon for that purpose, as well as for the cultivation and improvement of a small amount of land, and had no other occupation, it was held that both of these were legitimate employments within the exemption law.

*Heard January 10.   Decided January 13.*

Error to Kalamazoo Circuit.

This was an action of replevin brought against the Sheriff of Kalamazoo county, to recover certain personal property taken on execution, on the ground that the property was exempt.

Judgment was rendered for defendant.

The facts are stated in the opinion.

*Henry C. Briggs,* for plaintiff in error.

1. At common law the judgment-record, duly made up and signed, is the judgment, and is the only competent evidence of judgment.

Under our practice, the files in a case, and the various entries required by the practice, take the place of that judgment-record. They, taken together, prove a judgment, and

nothing less is sufficient.— *Green's Prac.* § 526; 1 *Mich.* 232, 56; 2 *Id.* 372; 10 *Id.* 260.

2. To entitle one to the benefit of the exemption laws, it is not necessary to show that he was engaged in a business demanding the whole or the greater part of his time. — 8 *Mich.* 529.

If a party is engaged in two or more occupations, he is "principally engaged" in that "on which he chiefly relies for a livelihood, and that engrosses most of his time and attention"— more of his time and attention than any other one business.

The object of exemption laws is liberal, and to secure to the poor man the means of subsistence, and are never construed technically against the rights claimed under them.— 3 *Mich.* 64–67; 10 *Id.* 546.

*Stuart, Edwards* and *May*, for defendant in error.

1. The court properly admitted the record of a judgment of *Woodward v. Kenyon.* The judgment was complete in itself, needed no explanation, and the law required none.

The judgment of a court is its conclusion derived from all the facts submitted to it. Neither in law nor in fact are the pleadings or motions in a cause any part of the judgment. They, like the testimony in the cause, are simply the means or agents by which the court reaches a final conclusion or judgment.

2. The charge to the jury "that the plaintiff must show affirmatively that he was engaged in some legitimate business, demanding the whole or the major part of his time and effort" was correct, taken in connection with the balance of the charge.— 3 *Mich.* 64. The charge was in almost the precise language of this court in *Smally v. Masten,* 8 *Mich.* 529.

The bill of exceptions contains all the evidence given in the cause as to the business of Kenyon, and clearly shows that the plaintiff in error had no regular business.

CAMPBELL J.

Plaintiff replevied certain property from defendant, who sought, as Sheriff, to justify under a judgment and execution levied against him. To prove the judgment, defendant introduced only the final entry upon the record, without showing any of the previous files or proceedings on which it should have been based, and the court held this sufficient proof. This was clearly erroneous. No judgment can be lawfully given by any court until a suit has been commenced, and the defendants have been brought in, and a trial or default has been had. Our practice allows all of these steps to be shown without making up any formal judgment record, as required by the old practice. But no judgment can stand until the jurisdiction of the court appears in some way; and no presumption can arise from an entry which has no previous steps to explain or warrant it. The judgment may have been valid, but that fact was not shown. There must, therefore, be a new trial. And, inasmuch as upon such trial, it is probable the defect in proof may be supplied, it becomes necessary to consider the rulings concerning exemption from execution, upon which the verdict below was made to depend.

There was evidence tending to show that the plaintiff, after being several years engaged in mercantile business, had given it up, without entering upon any other engrossing occupation, and was chiefly engaged in settling up his old matters, and doing a small amount of farming and improvement. The horse and wagon taken were used by him in doing his settlement business, which required some traveling about, and also in his home occupations.

The court charged the jury that plaintiff must satisfy them that the property was "essentially requisite to the carrying on the business in which the plaintiff was principally engaged." That "the plaintiff must show, affirmatively, that he was engaged in some legitimate business, demanding

the whole or the major part of his time and effort, and that in the prosecution of such business the property claimed to be exempt was not only convenient but necessary." The remainder of the charge on this point was substantially an amplification of this idea. The exemption in the statute is of property "*to enable any person to carry on the profession, trade, occupation or business in which he is wholly or principally engaged.*"

It is a somewhat too narrow construction of this statute to confine it to articles absolutely necessary to carrying on business. It can rarely happen that ordinary business may not be carried on by various means, while it may be done more thoroughly or conveniently by articles which may nevertheless be dispensed with if not attainable. It was not, we think, the design of the statute to be over nice or technical in this regard. Abuse of the right is checked by limiting the amount in value which may be exempted. But if a person actually uses certain things "to enable" him to carry on his business, and such things are reasonably adapted to aid him in doing so, such adaptation and actual use are sufficient to authorize the articles to be exempt, as enabling him to do business, within the statute. Any further restriction to a narrower and essential necessity, is not within the express terms of the law, and there is no reason for confining them within any stricter bounds.

Neither do we think it a fair application of the law to allow an exemption only when a person has some one engrossing pursuit to which he devotes the great bulk of his time. If a man carries on two entirely separate kinds of business, and the articles which enable him to do one kind are not used or serviceable in the other, the statute is plain enough that a thing claimed to be exempt must relate to his principal business. But if it happened to be material and useful in both, it would be very strange if it could be exempt in neither. That would furnish much stronger grounds for the exemption.

Nor can we think it necessary that the business which a person is engaged in must necessarily be extensive, or occupying most of his time. Whatever may be a person's avocations, and whether his business be light and allowing intervals, or heavy and unremitting, the business, such as it is, should be protected under the law. We see no reason to consider the occupation of time in settling old affairs as idleness or inactivity. It is merely doing one of the most important parts of all commercial business, which is usually somewhat engrossing, even when affairs are taking their ordinary course under a credit system. And if a person devotes himself actively to such a closing up of affairs, and is obliged to go about in doing so, we can see no good reason why his vehicle, in actual use for that purpose, may not fairly be regarded as "enabling him to carry on his business" as long as that necessity continues. There was evidence tending to show that the horse and wagon were used for this purpose, and also for such other domestic and agricultural work as plaintiff was engaged in. And we think he had a right to the exemption if the jury believed he was using them in good faith in any actual business, if he had no other principal occupation to which they were not subservient.

The judgment must be reversed and a new trial ordered.

The other justices concurred.