# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT,

# OCTOBER TERM, 1879.

## W. C. BELCHER *v.* DAVID C. CHAMBERS, H. D. BACON, ET AL.

RULE OF THE SUPREME COURT OF THE UNITED STATES TO BE FOLLOWED.—
When the question upon which the judgment of this Court depends is such
as may be re-examined on writ of error by the Supreme Court of the United
States, we will follow the rule of law with respect to such question laid
down by the Supreme Court of the United States.

SERVICE OF NON-RESIDENT.—Although a State having property of a non-
resident within her territory may hold and appropriate it to satisfy the claim
of her citizen against him, and her tribunals may inquire into his obligation
to the extent necessary to control the disposition of that property, yet in
the absence of such seizure a personal judgment is without validity, if it be
rendered by a State Court in an action upon a money demand against a non-
resident, who was sued by publication of summons, but upon whom no per-
sonal service of process within the State was made, and who did not appear.
(*Hahn* v. *Kelly*, 34 Cal. 391, overruled.)—[REPORTER.]

APPEAL from the District Court of the Tenth Judicial Dis-
trict, Yuba County.

The action was originally commenced in March, 1859, by
James Haworth, against the defendants, composing the banking
firm of Page, Bacon & Co., to recover two thousand nine hund-
red and fourteen dollars and forty-seven cents, alleged to be due

upon certain certificates of deposit. In November, 1859, there was a service of summons by publication, purporting to be a service upon all the defendants, including H. D. Bacon, who was represented in the affidavit to be a resident of St. Louis, Missouri. Bacon returned to the State in November, 1865. Belcher was substituted as plaintiff June 18th, 1874, and on the same day judgment of default was rendered against all the defendants for nine thousand six hundred and sixteen dollars and costs. In the judgment it is recited and found as a fact that the summons, with a certified copy of the complaint, had been duly served on the defendant Bacon.

In July, 1875—the year for the taking of an appeal having expired—an execution was issued to the Sheriff of San Joaquin County, and levied upon the property of defendant Bacon. Thereupon Bacon obtained from the District Court of Yuba County an order on the plaintiff to show cause why the execution should not be returned, and the writ and all proceedings under it quashed, and for a perpetual stay thereof, and for other relief. The matter was heard upon the files and records in the case, and the affidavits presented. The Court, upon the authority of *Hahn* v. *Kelly*, 34 Cal. 405, *presumed* a legal service on Bacon, and denied the relief sought. Bacon then appealed.

*S. M. Wilson*, for Appellant.

The defendant here was a non-resident of the State, was out of the State, and had no property within its limits. " The presumptions indulged in support of the judgments of Superior Courts of general jurisdiction are also limited to jurisdiction over persons within their territorial limits, and over proceedings which are in accordance with the course of the common law. The tribunals of one State have no jurisdiction over the persons of other States, unless found within their territorial limits." (*Galpin* v. *Page*, 18 Wall. 351, and cases cited and reviewed; same case, U. S. Circuit Court, Opinion by Mr. Justice Field, August 31st, 1874, and cases there cited and reviewed; *Neff* v. *Mitchell*, Opinion Mr. Justice Deady in Circuit Court U. S. for Oregon; 1 Smith's Lead. Cas. H. and W. notes, p. 838; *Piquet*

v. *Swan*, 5 Mason, 535; *Monroe* v. *Douglass*, 4 Sand. 182; *Oakley* v. *Aspinwall*, 4 Comst. 520; *Webster* v. *Reid*, 11 How. 459; *D'Arcy* v. *Ketchum*, Ibid. 174; Cooley Con. Lim. 404; *Cooper* v. *Reynold*, 10 Wall. 308.)

The proof offered by defendant Bacon was, that he was not at the time a resident of California, and was not within the State, and that no attachment was issued in the case. These facts did not contradict the record, but showed facts consistent with the record, which established its nullity. The recital that the summons had been duly served applied as well to service by publication as personally. The judgment roll shows publication of summons, and the recital must be presumed to refer to that. (*Galpin* v. *Page*, 18 How. 366.)

No attachment could have issued in the case, because the complaint shows that the indebtedness was secured. The proof therefore merely showed the kind of service referred to, and the fact of his non-residence, to which the judgment makes no reference. The judgment, therefore, is a nullity, and the order of the Court below should be reversed, with directions to grant the order as prayed for.

The recent case of *Pennoyer* v. *Neff*, 95 U. S. R. (5 Otto) 714, determines the whole case. The action there was eject- ment, in which Neff claimed under a patent of the United States, and Pennoyer under a judgment against Neff, and Sheriff's sale and deed. Neff was a non-resident, and service against him was by publication. The question was squarely presented as to whether jurisdiction was obtained over Neff, and the Court held that it was not; laying down the broad principle that " a personal judgment rendered in a State Court in an action upon a money demand against a non-resident of the State, without personal service of process upon him in the State, or his appearance in the action upon service by publica- tion, is without any validity ; and no title to property passes by sale under an execution issued upon such a judgment."

. It was further held in that case, " that since the adoption of the Fourteenth Amendment to the Federal Constitution, the validity of such judgments may be directly questioned, and their enforcement in the State resisted, on the ground that

proceedings in a Court of Justice to determine the personal rights and obligations of parties over whom that Court has no jurisdiction do not constitute due process."

In that view, a writ of error could be taken by the appellant in this case to the Supreme Court of the United States, should the decision here be in violation of the Fourteenth Amendment of the Constitution referred to. The case thus falling within the Federal Constitution, the decision of the Supreme Court of the United States is obligatory upon this honorable Court.

*I. S. Belcher,* for Respondent.

The first question to be determined by the Court, when judgment is asked in the Court below, was that of its own jurisdiction. In determining that question the Court found that the summons, with a certified copy of the complaint, had been duly served on the defendant. This was a finding of personal service in this State. It is a part of the record, and is conclusively presumed to speak the truth. It cannot be impeached by affidavits that no service was made. (*Hahn* v. *Kelly,* 34 Cal. 391; *Quivey* v. *Porter,* 37 Cal. 462; *Reily* v. *Lancaster,* 39 Cal. 355; *Carpentier* v. *Oakland,* 30 Cal. 446; *McCauley* v. *Fulton,* 44 Cal. 361; *Drake* v. *Duvenick,* 45 Cal. 462; *Cook* v. *Darling,* 18 Pick. 393; *Eastman* v. *Waterman,* 26 Vt. 494; *Farr* v. *Ladd,* 37 Vt. 156; 1 Smith's Leading Cases, part 2, 7th Amer. ed. 1126; Freeman on Judgments, secs. 130–132.)

The judgment in this case is not void. It appears to be valid, and is so until set aside or reversed. It is the judgment of the highest Court of original jurisdiction in the State. Such judgments are never void, unless they are so upon their face. "The word *void* can with no propriety be applied to a thing which appears to be sound, and which, while in existence, can command and enforce respect, and whose infirmity cannot be made manifest. A judgment rendered without in fact bringing the defendants into Court, unless the want of authority over them appears in the record, is no more void than if it were founded upon a mere misconception of some matter of law or of fact occurring in the exercise of an unquestionable jurisdiction." (Free-

man on Judgments, sec. 116.) The District Court, having juris-
diction of the subject-matter of the action, was competent and
had authority to decide whether its jurisdiction had attached
upon the parties before it. The rule is this: When the jurisdic-
tion of a Court depends upon a fact which the Court is required
to ascertain and settle by its decision, such decision will con-
clude. (*People* v. *Hagar*, 49 Cal. 229 ; *Sheldon* v. *Wright*, 5
N. Y. 514 ; *Richards* v. *Skiff*, 8 Ohio St. 587.)

By the COURT:

In *Galpin* v. *Page*, 18 Wall. 336, the Supreme Court of the
United States said: " The presumptions which the law implies
in support of the judgments of superior Courts of general
jurisdiction only arise with respect to jurisdictional facts con-
cerning which the record is silent. Presumptions are only in-
dulged to supply the absence of evidence or averments respect-
ing the facts presumed. They have no place for consideration
when the evidence is disclosed or the averment is made. When,
therefore, the record states the evidence or makes an averment
with reference to a jurisdictional fact, it will be understood to
speak the truth on that point, and it will not be presumed that
there was other or different evidence respecting the fact, or that
the fact was otherwise than as averred. If, for example, it
appears, from the return of the officer or the proof of service
contained in the record, that the summons was served at a par-
ticular place, and there is no averment of any other service, it
will not be presumed that service was also made at another and
different place ; or if it appear in like manner that the service
was made upon a person other than the defendant, it will not be
presumed, in the silence of the record, that it was made upon
the defendant also. Were not this so it would never be possible
to attack collaterally the judgment of a Superior Court, al-
though a want of jurisdiction might be apparent upon its face.
The answer to the attack would always be that, notwithstanding
the evidence or averment, the necessary facts to support the
judgment are presumed.

" The presumptions indulged in support of the judgments of

superior Courts of general jurisdiction are also limited to juris-diction over persons within their territorial limits, persons who can be reached by their process, and also over proceedings which are in accordance with the course of the common law. * * * * * * Whenever, therefore, it appears from the inspection of the record of a Court of general jurisdiction that a defendant against whom a personal judgment or decree is rendered was, at the time of the alleged service, without the territorial limits of the Court, and thus beyond the reach of its process, and that he never appeared in the action, the pre-sumption of jurisdiction over his person ceases." And in *Pen-noyer* v. *Neff*, 95 U. S. 714, it was held by the Supreme Court of the United States that, although a State having property of a non-resident within her territory may hold and appropriate it to satisfy the claim of her citizen against him, and her tribu-nals may inquire into his obligation to the extent necessary to control the disposition of that property, yet, in the absence of such seizure, a personal judgment is without validity if it be rendered by a State Court in an action upon a money demand against a non-resident, who was sued by publication of summons, but upon whom no personal service of process within the State was made, and who did not appear.

From the foregoing it is apparent that the Supreme Court of the United States would hold the judgment rendered and en-tered by the Court below in the present action to be absolutely *void*, were the question of the validity of such judgment pre-sented in an action or proceeding originating in any *Federal* tribunal.

It has been decided, however, by the Supreme Court of Cali-fornia, (*Hahn* v. *Kelly*, 34 Cal. 391) that the validity of a judg-ment of a District Court of the State is to be conclusively presumed from the existence of the judgment itself, unless it affirmatively appears from the record that the Court *has not* jurisdiction; and although the only assertion in respect to the jurisdictional fact of personal service found in the record shows no such service to have been had, and the non-residence of the defendant—that the *judgment* conclusively proves the defendant to have been served within the State. And it may now be urged

that, in respect to the effect to be given to a judgment of a Court of general jurisdiction and the presumptions arising from it, the Supreme Court of the United States will follow the ruling of the highest Court of the State.   But it was said in *Alcott v. Supervisors*, 16 Wall. 687 : " It must be kept in mind that it is only decisions upon local questions, those which are peculiar to the several States, or adjudications upon the meaning of the Constitution or statutes of a State, which the Federal Courts adopt as rules for their own judgments."   And in the language of Mr. Justice Field, in the Circuit Court (*Galpin* v. *Page*, 3 Sawy. 107) : " The ruling of the State Court in *Hahn* v. *Kelly*, except so far as it gives a construction to the State statute, relates to matters of general law, and not to questions of a local character, peculiar only to the State.  If the ruling of the Court be correct, it applies not merely to judgments of the superior Courts of general jurisdiction existing in California, but to the judgments of such Courts existing in all other States."   (See, also, *Chicago City* v. *Robbins*, 2 Black, 429, and *Alcott* v. *Supervisors*, 16 Wall. 689.)

It may be assumed, for the purposes of the present case, that the record or judgment roll, under our statute, is composed only of the papers held to constitute it in *Hahn* v. *Kelly*.  From those papers it sufficiently appears that the defendant Bacon was a non-resident, whose residence without the State was known.

Excluding from consideration, therefore, the question whether the United States Courts would follow the State Court in its decision as to the contents of the judgment roll, it is certain that the ruling of this Court in respect to the presumption arising from a judgment of the District Court of the State would not be sustained by the Supreme Court of the United States, as coming within the rule that the adjudications of the State Courts will be followed by the United States tribunals when they relate to questions peculiar to the State, or to the construction of a State statute merely.

Inasmuch as the decision of this Court in *Hahn* v. *Kelly*, with respect to the legal presumptions which arise out of the existence of a judgment of a District Court of this State, is in conflict with the views entertained by the Courts of the United

States, and in view of the consequences which will flow from diverse judgments by the tribunals of the State and the United States, it becomes important to inquire whether it is our duty to follow the ruling of the Federal Courts.

It has always been the practice here to adopt that view of a legal question which has been taken by the Supreme Court of the United States, when the question involved is within the branch of the jurisdiction of that Court which may be exercised by writ of error to this Court.

Such jurisdiction may be employed in reversing, affirming, or modifying the final judgment or decree of the highest Court of a State, when the decision has been against any title, right, privilege, or immunity claimed under the Constitution of the United States. (Rev. Stats. U. S. sec. 709.) By the Fourteenth Amendment to the Constitution, it is provided: " No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law ; nor deny to any person within its jurisdiction the equal protection of the laws."

In *Pennoyer* v. *Neff* it was said: " Since the adoption of the Fourteenth Amendment to the Federal Constitution, the validity of such judgments may be directly questioned, and their enforcement in the State be resisted, on the ground that proceedings in a Court of Justice to determine the personal rights and obligations of parties over whom that Court has no jurisdiction do not constitute due process of law. Whatever difficulty may be experienced in giving to those terms a definition which will embrace every permissible exertion of power affecting private rights, and exclude such as is forbidden, there can be no doubt of their meaning when applied to judicial proceedings. They then mean a course of legal proceedings according to those rules and principles which have been established in our systems of jurisprudence for the protection and enforcement of private rights. To give such proceedings any validity there must be a tribunal competent by its constitution—that is, by the law of its creation—to pass upon the subject-matter of the suit; and if that involves merely a determination of the personal

liability of the defendant, he must be brought within its juris-
diction by service of process within the State, or his voluntary
appearance."

This language declares a power in the Supreme Court of the
United States to re-examine every judgment of this Court, as-
serting and determining the validity of a judgment of any State
Court which has been attacked, directly or collaterally, as being
in violation of the Fourteenth Amendment, because rendered
against a non-resident of the State, without personal service or
appearance, or for any other reason.

To recapitulate :   (1)  A writ of error will issue from the Su-
preme Court of the United States to this Court, subjecting to
reëxamination any judgment which declares the validity of a
judgment of a District Court of the State, objected to directly
or collaterally on the ground that it is in violation of the Four-
teenth Amendment of the Constitution of the United States.
(2)  In such proceeding, the Supreme Court of the United
States will not follow the rule of the Supreme Court of Cali-
fornia, (as laid down by our predecessors in *Hahn* v. *Kelly*) in
respect to the conclusive presumptions to be drawn from a judg-
ment of a District Court of this State, but will declare the law
as announced in *Galpin* v. *Page* and *Pennoyer* v. *Neff*. . (3)  To
accord with the decisions of the Supreme Court of the United
States, the judgment of the District Court in the present action
must be held to be null and void.    (4)  When our judgment
must depend upon a question which may be reëxamined by the
Supreme Court of the United States on writ of error, we will
follow the rule of law laid down by that Court.

The order appealed from must be reversed.

Order reversed.    Remittitur forthwith.


Mr. Justice RHODES dissented.