[S. F. No. 10723. In Bank.—December 17, 1923.]

JULIE GRINBAUM (an Insane Person), etc., Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA et al., Respondents.

[1] GUARDIAN AND WARD—GUARDIAN OF PERSON OF MINOR OR INSANE PERSON—PROCEEDINGS IN PERSONAM — PRESENCE IN JURISDICTION —NOTICE.—Proceedings for the appointment of a guardian of the person of another are essentially proceedings *in personam,* and this being so, it is a prime essential to the jurisdiction of the court to entertain a proceeding or make an order for the appointment of one person as a guardian of the person of another alleged to be either a minor or an incompetent or an insane person that such person shall be within the jurisdiction of the court seeking to make such appointment and that personal service of notice of such proceeding and of the time and place of the hearing thereon shall be given to such person before the court can acquire jurisdiction to make an order for the appointment of a guardian of either such minor or incompetent or insane person.

[2] ID.—SECTION 1793, CODE OF CIVIL PROCEDURE—JURISDICTION.—Section 1793 of the Code of Civil Procedure, which provides that "the Superior Court may appoint a guardian of the person and estate of either a minor, insane or incompetent person . . . who resides without the state and has estate within the county or who though not having such estate is within the county" wherein such application is made, does not give jurisdiction to the superior court to entertain a proceeding or make an order for the appointment of the guardian of a person of an alleged minor, insane or incompetent person, who is absent from the state and hence beyond the jurisdiction and power of the court to give to such person personal notice of the pendency of said proceedings.

PROCEEDING in Certiorari to annul an order of the Superior Court of the City and County of San Francisco appointing a guardian. J. V. Coffey, Judge. Order annulled.

The facts are stated in the opinion of the court.

John Francis Neylan and Philip S. Ehrlich for Petitioner.

Morrison, Dunne & Brobeck and John J. Barrett for Respondents.

RICHARDS, J., *pro tem.*—This is an application for a writ of review, wherein it is sought to have a certain order of the superior court of the state of California, in and for the city and county of San Francisco, made and entered on the seventh day of April, 1921, appointing Erna Herrscher guardian of the person of Julie Grinbaum, reviewed and annulled.

The main facts respecting the physical and mental condition of Julie Grinbaum which led up to the institution of the proceeding for the appointment of a guardian of the person of Julie Grinbaum which is herein sought to be reviewed are substantially the same as those fully set forth and considered in the decision of this court in the *Matter of Julie Grinbaum, etc., ante,* p. 528 [221 Pac. 635].

The petition of Erna A. Herrscher for appointment as guardian of the person of Julie Grinbaum was filed in said superior court on March 9, 1921. It averred that the petitioner was the next and only relative in California and nearest blood relation of Julie Grinbaum; that on the date of the filing of said petition Julie Grinbaum was and for more than forty years prior thereto had been domiciled in and a resident of the city and county of San Francisco, state of California; that Julie Grinbaum was and is at present temporarily without the state of California and is incarcerated in the Bellevue Sanitarium at Kreuzlingen, Switzerland, as, and that she has been and is, an insane person, and that it is necessary that a guardian be appointed of the person of Julie Grinbaum, an insane person. Wherefore the petitioner prays that she be appointed such guardian. Upon the filing of said petition the court made an order setting the hearing

thereon for April 5, 1921, and directing notice to be given to the Mercantile Trust Company, guardian of the estate of said insane person, by personal citation, and also directing the posting of notices of the time and place of hearing for two weeks prior thereto. The court further set forth in its said order that "it further appearing from said petition and the facts aforesaid that the said petitioner is the only person in the state of California related to said Julie Grinbaum by consanguinity or otherwise, and that said petitioner is the nearest blood relative of Julie Grinbaum, said insane person, and no necessity exists for any other or further notice of the time and place of said hearing, no further notice thereof is hereby directed." The matter in said application came on for hearing upon the date appointed, whereupon proof was made of the giving of the notices as required by said order and of the facts set forth in said petition, and thereupon said court made its order appointing Erna A. Herrscher guardian of the person of Julie Grinbaum, an insane person, which is assailed in this proceeding.

It is apparent upon the face of the foregoing proceedings that the court had no jurisdiction to entertain said petition for the appointment of a guardian of the person of said insane person and had no jurisdiction to appoint such guardian. **[1]** Proceedings for the appointment of a guardian of the person of another are essentially proceedings *in personam.* (*De La Montanya* v. *De La Montanya,* 112 Cal. 101, 131 [53 Am. St. Rep. 165, 32 L. R. A. 82, 44 Pac. 345]; *Penoyer* v. *Neff,* 95 U. S. 714 [24 L. Ed. 565, see, also, Rose's U. S. Notes]; 28 Corpus Juris, 1068, 1069; 1 Schouler on Domestic Relations, 6th ed., p. 930.) This being so, it is a prime essential to the jurisdiction of the court to entertain a proceeding or make an order for the appointment of one person as a guardian of the person of another alleged to be either a minor or an incompetent or an insane person that such person shall be within the jurisdiction of the court seeking to make such appointment and that personal service of notice of such proceeding and of the time and place of the hearing thereon shall be given to such person before the court can acquire jurisdiction to make an order for the appointment of a guardian of either such minor or incompetent or insane person. With regard to the appointment of guardians of minors it was held by this court in the case

of *De La Montanya* v. *De La Montanya,* 112 Cal. 101, 131 [53 Am. St. Rep. 165, 32 L. R. A. 82, 44 Pac. 345] ; that the superior court had no jurisdiction to appoint a guardian for minors who were absent from the state, and that the fact of their domicile within the state did not suffice to give the court jurisdiction to appoint a guardian over them while they were so absent from the state and thus beyond the jurisdiction of said court to give personal notice of such application and appointment. The same principle applies to proceedings for the appointment of a guardian of the person of another who is at the time absent from the state. [2] It is true that section 1793 of the Code of Civil Procedure provides that ."the Superior Court may appoint a guardian of the person and estate of either a minor, insane or incompetent person . . . who resides without the state and has estate within the county or who though not having such estate is within the county'' wherein such application is made. This provision of the code, however, cannot be held to give jurisdiction to the superior court to entertain a proceeding or make an order for the appointment of the guardian of a person of an alleged minor, insane or incompetent person, who is absent from the state and hence beyond the jurisdiction and power of the court to give to such person personal notice of the pendency of said proceedings under the authorities above cited. The only other section of said code giving statutory authority for the appointment of guardians of insane and incompetent persons is section 1763 thereof, which expressly provides that personal service of notice of such proceedings shall be given to the alleged insane or incompetent person before the court can acquire jurisdiction to make an order appointing the guardian of his person.

In the proceedings sought to be reviewed herein and upon the face of the order sought herein to be annulled, it affirmatively appears that at the time said proceedings were instituted, and at the time said order was made, Julie Grinbaum was absent from the state of California and was therefore beyond the jurisdiction of said court to give personal notice to her of the pendency of said proceedings. And it further affirmatively appears upon the face of the order sought to be annulled herein that no such personal notice was either ordered or attempted to be given. It follows necessarily that

the entire proceeding for the appointment of a guardian of the person of Julie Grinbaum, while she was so absent from the state of California and beyond the jurisdiction of said court, is void. It follows that the order appointing Erna A. Herrscher guardian of the person of the said Julie Grinbaum must be annulled, and it is so ordered.

Lennon, J., Lawlor, J., Seawell, J., Kerrigan, J., and Waste, J., concurred.

WILBUR, C. J., Concurring.—I concur in the opinion of Mr. Justice Richards for the reasons stated by him, and in view of my dissenting opinion in the companion case affecting the guardianship of the estate of Julie Grinbaum, I would add to what is stated by Mr. Justice Richards that the guardian *ad litem* in this matter was appointed at the instance of Erna A. Herrscher, who, in effect, consents to the reversal of the order appointing her guardian.