Argued March 21; reversed April 18, 1939

# LAUGHLIN *v.* HUGHES EL AL.

## (89 P. (2d) 568)

In Banc.

*Ralph Coan*, of Portland (Coan & Rosenberg, of Portland, on the brief), for appellant Hughes.

*N. Ray Alber*, of Portland, for appellant, George W. Ingram, trustee.

*Arthur A. Goldsmith*, of Portland (David Robinson and Paul L. Weiden, both of Portland, on the brief), for respondent.

KELLY, J.   The pertinent facts in this case are not in controversy.   On December 26, 1929, C. L. Morrill instituted an action against defendant to recover judgment for money alleged to have been advanced by plaintiff's assignors for the use and benefit of defendant.   On said date the complaint was filed in the superior court of the state of California for the city and county of San Francisco.

A writ of attachment was issued but no property was attached.

Defendant was a resident of California at the time of the institution of the action and remained in California until on or about the 29th day of January, 1930. During the latter part of January, 1930, or the first of February of that year, defendant and his wife left California, arriving in Portland, Oregon, not later than February 6, 1930.

On March 24, 1930, an affidavit for an order directing publication of summons was filed in said superior court in said case of *C. L. Morrill, plaintiff, vs. G. Roy Hughes, defendant,* a copy of which affidavit, omitting the title of the case and the jurat, is as follows:

"State of California, City and County of San Francisco,—ss.

Abraham Setzer, being first duly sworn, deposes and says:

That he is a male citizen of the United States over the age of twenty-one years.

That he was charged and employed by Messrs. Archibald M. Johnson and A. A. DeLigne, attorneys for the above-named plaintiff, to serve the summons in the above-entitled action. That in pursuance thereof he did duly and diligently make every effort to locate the above-named defendant, G. Roy Hughes, and to serve said summons upon him. That notwithstanding, he was unable to find defendant within the State of California. That he endeavored to locate said defendant at his last known address, 605-29th Street, Oakland, California, and at the following other addresses and places, at which he was informed defendant might be located:

521-22nd Street, Oakland, California.
17 Cambridge Avenue, San Leandro, California.
Eureka, California.
Los Angeles, California.

That the defendant was absent from each and all of said places and was not to be found thereat, and that no further or other address or information could be obtained as to the present location of said defendant, except that affiant was informed and believes, and therefore alleges that said defendant has departed from the State of California.

Affiant further states that it appears by the verified complaint on file herein that a cause of action exists against said defendant above named, and that he

is a necessary party to said action, and that it is necessary to obtain service upon said defendant by the publication of the summons in this action, by reason of the fact that said defendant cannot after due diligence be found in the State of California.

Affiant further deposes and states that there has not been filed on behalf of defendant in the county in which the above-entitled action has been brought and is pending, a certificate of residence provided for by section 1163, Civil Code of the State of California.

That the present residence of said defendant is unknown.

Dated, March 24, 1930.

Abraham Setzer.''

Based upon this affidavit an order for publication was made, which, omitting the title, is as follows:

''The affidavit of Abraham Setzer having been duly filed in the above-entitled matter, and it appearing therefrom that an effort has been made on behalf of plaintiff herein to serve summons in the above-entitled action upon said defendant, but that said defendant cannot after due diligence be found within the State of California; and it further appearing to this court that good cause exists for the service of said summons by publication, the court hereby orders and directs that publication of the summons in the above-entitled action be made in The Recorder, a newspaper published in the City and County of San Francisco, State of California, at least once a week for a period of two months;

It further appearing that the last known residence of said defendant was 605-29th Street, Oakland, California, the court hereby directs that a copy of the summons and complaint in said action be forthwith deposited in the Post Office, directed to the defendant at said last known place of residence.

Dated: March 27, 1930.

C. J. Goodell,
Judge of Superior Court.''

On the 19th day of December, 1930, judgment was entered, which omitting the title, is as follows:

"This cause came on regularly for trial on the 19th day of December, 1930, and it appearing to the satisfaction of this court that the defendant, G. Roy Hughes, could not be found within the State of California and that there has not been filed on behalf of said defendant in the City and County of San Francisco, State of California, in which the above entitled action is brought and is pending, a certificate of residence as provided for by Section 1163 of the Civil Code, and such facts appearing by affidavit to the satisfaction of this Court, and it also appearing by such affidavit and by verified complaint on file herein that a cause of action existed against the said defendant, and an order for publication of summons having been duly made by the above entitled Court on the 27th day of March, 1930, by which order it was decreed that service of summons in this action be made upon said defendant by publication thereof, and by the same order it was further decreed that a copy of the summons and a copy of the complaint in this action be deposited in the post office, postage prepaid, directed to said defendant at his last known place of residence as prescribed in said order; and it satisfactorily appearing to this court by the affidavits on file herein that publication of said summons was duly made for a period of once a week for two months in all respects as required by said order and that a copy of said summons and a copy of said complaint in this action was forthwith deposited in the Post Office and the United States mails, postage prepaid, directed to said defendant at his last known place of residence, and that the period of two months prescribed by the order of publication has expired and that a further period in excess of thirty days after the expiration of the two months has likewise expired and that the legal time for appearance and answer by said defendant has expired, and that said defendant, G. Roy Hughes, has failed to appear and to answer the complaint of plaintiff on file herein and is now in default therefor;

And it appearing to the satisfaction of the court that the defendant was regularly served with process and with summons herein, and that no answer, demurrer or appearance has been filed by said defendant, and plaintiff appearing in court, represented by her attorneys, and defendant not appearing, either in person or by attorney, the above-entitled action came on regularly to be heard and tried before this court, Department No. 2 thereof, Honorable James G. Conlan presiding, on this 19th day of December, 1930, and upon the proofs taken herein, it appears and the Court finds, that all the allegations in the complaint are true, and testimony and written evidence having been made and adduced, the court further finds that such allegations of said complaint are sustained by testimony free from all legal exceptions as of its competency, admissibility and sufficiency; and it also appearing to said court that said defendant was duly and legally served and summons issued in this action, and all and singular the law and the premises being by the Court here understood and fully considered;

Now Therefore, it is hereby ordered, adjudged and decreed, and this court does hereby order, judgment for the plaintiff, C. L. Morrill, and against the defendant, G. Roy Hughes, in the sum of Fifteen Thousand Eighty-seven and 98/100 Dollars ($15,087.98) principal, One Thousand Forty and 52/100 ($1040.52) Dollars interest, and for costs of suit herein incurred in the sum of $28.80/100 Dollars.

Done in open Court this 19th day of December, 1930.

James G. Conlan,
Judge of the Superior Court.''

On the 27th day of March, 1937, an amended judgment was entered, but nothing being claimed for it by plaintiff herein, it is omitted.

Plaintiff in the instant case, as assignee, of said C. L. Morrill, recovered judgment in the circuit court of Multnomah county, Oregon, upon the foregoing Cali-

fornia judgment. While the statute of limitations bears upon the issues, the determinative question herein is whether or not said California judgment is valid.

■ It will be noted that the affidavit for publication states on information and belief that defendant has departed from the state of California; but the basis of the order of publication, as expressed therein, is that it appears from said affidavit, "that an effort has been made on behalf of plaintiff herein to serve the summons in the above-entitled action upon said defendant, but that said defendant cannot after due diligence be found within the State of California." We think that facts are not stated in said affidavit from which it could be said that due diligence had been exercised in attempting to make personal service. The mere fact that affiant had called at the places where defendant had resided and had not found defendant there without stating when such calls were made, or that they were made at a time when ordinarily defendant would be at home, does not disclose such diligence as to support service by publication.

Bearing in mind that the action was instituted on December 26, 1929, and that the affidavit for publication was not made until almost three months had elapsed, the entire absence of any reference in the affidavit to the time when the affiant was employed to make service of summons, or when he attempted to make it, convinces us that due diligence has not been shown.

We think also that it is not stated in said affidavit as a fact that defendant had departed from California. It is true, the affidavit states that affiant was informed that defendant had departed from California, but it does not disclose who informed affiant to that effect

or when, where or how such information was communicated to affiant. Moreover, there is no statement as to what, if any, inquiry was made, who, if anyone, was interviewed or when or where such, if any, inquiry or interviewing was conducted to ascertain defendant's whereabouts. It will also be noted that nothing is said in the affidavit about any attempt to serve the summons by the sheriff.

■ A judgment based upon service by publication of summons is invalid if the affidavit for the order directing such service is insufficient. We think the affidavit under consideration comes within that category: *Wilson v. Leo*, 16 Cal. App. 793, 127 P. 1043; *Columbia Screw Co. v. Warner Lock Co.*, 138 Cal. 445, 71 P. 498; *Kahn v. Matthai*, 115 Cal. 689, 47 P. 698; *Davis-Heller-Pearce Co. v. Ramont*, 66 Cal. App. 778, 226 P. 972; *Narum v. Cheatham*, 127 Cal. App. 505, 15 P. (2d) 1106.

■ Assuming that the affidavit discloses due diligence in attempting to make personal service and also that the affidavit properly avers that defendant had departed from California, yet there is another insuperable barrier to a holding that the judgment in suit is valid; and that barrier is the fact that, when the affidavit was filed, defendant was not domiciled or residing in California. He had come to Oregon where he has since remained. He left no property in California, and no place of abode there, and it is evident that he had no intention of voluntarily returning to California. In this state of the record, the California court could not obtain such jurisdiction of his person by publication of summons as to render a valid judgment in personam.

■ The California Code of Civil Procedure specifically designates the time when the court shall be deemed to

have acquired jurisdiction of the parties. When service by publication is ordered, the court is deemed to have acquired such jurisdiction upon the completion of the publication: Section 416, Code of Civil Procedure 1931.

It is clear that under this statute no jurisdiction of the defendant in an action could be acquired by publication of summons until the completion of such publication. By this we mean that whatever status defendant may have had as to domicile or residence in California, the court could acquire jurisdiction of his person only by service of summons or by voluntary appearance; and, in cases where service is had by publication, defendant's status as to domicile before the application for an order of publication has been made and a sufficient affidavit therefor has been filed has no bearing upon the question of jurisdiction of his person. In other words, under section 416, above cited, in cases where the summons is published, the publication must have been completed before the court could acquire jurisdiction of the party.

■ If we concede, which we do not, that the affidavit for publication of summons is sufficient and that until the publication of summons had been completed defendant was domiciled in California, although actually in Oregon, we must hold that the judgment, being one in personam, is invalid because the supreme court of California holds that the domicile of defendant within the state of California does not justify the rendition of a judgment in personam against him where the only service of summons is by publication, defendant being outside of the territorial limits of California, and not appearing in the cause wherein such judgment is sought: *De La Montanya v. De La Montanya*, 112 Cal. 101, 44 P. 345, 32 L. R. A. 82, 53 Am. St. Rep. 165. That

case has been cited a number of times by the California court and has not been overruled. Upon the question of jurisdiction it was followed in *Grinbaum v. Superior Court,* 192 Cal. 566, 569, 221 P. 651. Under the doctrine of that case and bearing in mind the provisions of said section 416 of the California Code of Civil Procedure fixing the time when the court acquires jurisdiction of a party defendant, the judgment in *Morrill v. Hughes* cannot be upheld.

It is argued by plaintiff that there is a rebuttable presumption that the judgment of the state of California is valid. To this point plaintiff cites *Adams v. Saenger,* 303 U. S. 59, 82 L. Ed. 649, 58 Sup. Ct. Rep. 454. There it is stated that—

"By R. S. § 905, 28 U. S. C. § 687, 28 U. S. C. A. § 687, enacted under authority of the full faith and credit clause, article 4, section 1, of the Constitution, the duly attested record of the judgment of a state is entitled to such faith and credit in every court within the United States as it has by law or usage in the state from which it is taken. If it appears on its face to be a record of a court of general jurisdiction, such jurisdiction over the cause and the parties is to be presumed unless disproved by extrinsic evidence, or by the record itself. Hanley v. Donoghue, 116 U. S. 1, 6 S. Ct. 242, 29 L. Ed. 535; Knowles v. Logansport Gaslight & Coke Co. 19 Wall, 58, 22 L. Ed. 70; Settlemier v. Sullivan, 97 U. S. 444, 24 L. Ed. 1110. But in a suit upon the judgment of another state the jurisdiction of the court which rendered it is open to judicial inquiry. Chicago Life Insurance Co. v. Cherry, 244 U. S. 25, 37 S. Ct. 492, 61 L. Ed. 966; and when the matter of fact or law on which jurisdiction depends was not litigated in the original suit it is a matter to be adjudicated in the suit founded upon the judgment. Thompson v. Whitman, 18 Wall. 457, 21 L. Ed. 897.''

■ Under this principle of procedure, we are justified in holding that where, as in the instant case, the record of the foreign judgment itself disproves the presumption of jurisdiction over the defendant, such foreign judgment is invalid.

■ This court has held that the presumptions of regularity applicable to judgment in courts of general jurisdiction are applicable only where the court is proceeding according to the course of the common law and not where the jurisdiction has been acquired in some special manner prescribed by the statute. We quote from one of the opinions wherein it is so held:

"True, in the absence of anything in the record to the contrary, it will be presumed that service was properly had, and that the defendant appeared in person, if necessary; but when it is made to appear that the judgment was had upon a substituted service, and not upon proceedings according to the course of the common law, nothing will be presumed, but every fact necessary to give jurisdiction must affirmatively appear." *Fishburn v. Londershausen,* 50 Or. 363, 92 P. 1060, 14 L. R. A. (N. S.) 1234, 15 Ann. Cas. 975.

■ We are not unmindful that many grounds of impeachment may be urged against a judgment upon direct attack which are not available upon collateral attack; but the principle is well settled that where a judgment is relied on as an adjudication of the subject matter or as establishing any particular state of fact of which it is the judicial result, it can be proved only by offering in evidence a complete record or a duly authenticated copy of the entire proceeding in which the judgment was rendered: *McLaughlin v. Reichenbach,* 52 Colo. 437, 122 P. 47, citing *Jansen v. Hyde,* 8 Colo. App. 38, 44 P. 760; 1 Wharton, Law of Evidence (3d Ed.) § 824; 2 Freeman on Judgments (4th Ed.)

§ 407; *Harper v. Rowe,* 53 Cal. 233; *Mason v. Wolff,* 40 Cal. 246; *Mitchell v. Mitchell,* 40 Ga. 11; *Thomas v. Stewart,* 92 Ind. 246; *Vail v. Iglehart,* 69 Ill. 332; *Kenyon v. Baker,* 16 Mich. 373, 97 Am. Dec. 158; *Hampton v. Speckenagle,* 9 Serg. & R. (Pa.) 212, 11 Am. Dec. 704; *Walls v. Endel et al.,* 20 Fla. 86; *State ex rel Nave v. Hawkins et al.,* 81 Ind. 486; *Davidson v. Murphy,* 13 Conn. 213; *Smith et al. v. Smith et al.,* 22 Iowa 516; *Donald et al. v. McKinnon,* 17 Fla. 746.

■ It is therefore from the entire record that it is to be determined whether the court entering the judgment had jurisdiction to do so.

In an early case in California, it was held that in cases wherein the question of jurisdiction may be re-examined on writ of error by the supreme court of the United States, the rule of law announced by the highest federal tribunal with respect to such question should be followed by the state court: *Belcher v. Chambers,* 53 Cal. 635. In that case the California court quotes the following excerpt from the opinion of Mr. Justice Field in *Galpin v. Page,* 18 Wall, 350, 366, 21 L. Ed. 959:

"The presumption, which the law implies in support of the judgments of superior courts of general jurisdiction, only arise with respect to jurisdictional facts concerning which the record is silent. Presumptions are only indulged to supply the absence of evidence or averments respecting the facts presumed. They have no place for consideration when the evidence is disclosed or the averment is made. When, therefore, the record states the evidence or makes an averment with reference to a jurisdictional fact, it will be understood to speak the truth on that point, and it will not be presumed that there was other or different evidence respecting the fact, or that the fact was otherwise than as averred. If, for example, it appears, from the return of the officer or the proof of service contained in

the record, that the summons was served at a particular place, and there is no averment of any other service, it will not be presumed that service was also made at another and different place; or if it appear in like manner that the service was made upon a person other than the defendant, it will not be presumed, in the silence of the record, that it was made upon the defendant also. Were not this so it would never be possible to attack collaterally the judgment of a superior court, although a want of jurisdiction might be apparent upon its face; the answer to the attack would always be that, notwithstanding the evidence or averment, the necessary facts to support the judgment are presumed.

The presumption indulged in support of the judgments of superior courts of general jurisdiction are also limited to jurisdiction over persons within their territorial limits, persons who can be reached by their process, and also over proceedings which are in accordance with the course of the common law.   *   *   * Whenever, therefore, it appears from the inspection of the record of a court of general jurisdiction that the defendant, against whom a personal judgment or decree is rendered, was, at the time of the alleged service, without the territorial limits of the court, and thus beyond the reach of its process, and that he never appeared in the action, the presumption of jurisdiction over his person ceases.''

In *Belcher v. Chambers*, supra, as in the case at bar, it was contended that—

''The first question to be determined by the Court, when judgment is asked in the court below, was that of its own jurisdiction. In determining that question the court found that the summons, with a certified copy of the complaint, had been duly served on the defendant. This was a finding of personal service in this State. It is a part of the record, and is conclusively presumed to speak the truth. It cannot be impeached by affidavits that no service was made.'' [Quotation

from brief of respondent in Belcher v. Chambers, supra.]

The court, however, held that "To accord with the decisions of the supreme court of the United States, the judgment of the district court in the present action must be held to be null and void." This judgment in *Belcher v. Chambers*, supra, was rendered by the district court of the tenth judicial district, Yuba county, California, in an action originally commenced in March, 1859, by James Haworth against defendant composing the banking firm of Page, Bacon & Company to recover $2,914.47 upon certain certificates of deposit. In November, 1859, there was a service of summons by publication purporting to be a service upon all the defendants, including H. D. Bacon, who was represented in the affidavit to be a resident of St. Louis, Missouri. Bacon returned to the state in November, 1865. Belcher was substituted as plaintiff June 18, 1874, and on the same day, judgment of default was rendered against all of the defendants for $9,616 and costs. In the judgment, it recited and found as a fact that the summons, with a certified copy of the complaint, had been duly served on defendant Bacon.

In July, 1875—the year for taking an appeal having expired—an execution was issued to the sheriff of San Joaquin county, and levied upon the property of defendant Bacon. The matter was heard upon an order upon plaintiff to show cause why the writ of execution should not be quashed. The trial court of Yuba county presumed a legal service on Bacon and denied the relief sought. Bacon then appealed. We think therefore that in *Belcher v. Chambers* the attack upon the judgment in question was not direct but collateral.

We are also aware that subsequent California cases have confined the doctrine of *Belcher v. Chambers* to those cases which are subject to reexamination on writ of error. The case at bar is such a case.

*Adams v. Saenger*, supra, is cited also to the points that the presumption of the validity of a judgment of a sister state applies to the law involved as well as to other facts and extends to judgments obtained on constructive service. As we understand the doctrine of *Adams v. Saenger*, supra, it holds that under the law of California (sections 442, Code of Civil Procedure, section 1011 as amended by St. Cal. 1933; *Farrar v. Steenbergh*, 173 Cal. 94, 97, 159 P. 707, 708) the proper method to pursue in making service of a cross-complaint upon a plaintiff, who appears by an attorney, is to deliver a copy of the cross-complaint to the attorney. The complaint filed in the action in the Texas court to recover upon the California judgment disclosed that such service had been made in the California case. A demurrer to the complaint was sustained by the Texas court. The fact of such service of the cross-complaint having been made was admitted by the demurrer and needed no presumption whatever to sustain it. The Texas court applied the doctrine of the Texas courts in determining the status of a cross-action [*Harris v. Schlinke*, 95 Tex. 88, 65 S. W. 172]. The supreme court of the United States held that the California statutes were controlling.

The case of *City of Salinas v. Luke Kow Lee*, 217 Cal. 252, 18 P. (2d) 335, is cited to the point that evidence was admissible of alleged concealment on defendant's part within the state of California. We find no such rule stated in *Salinas v. Luke Kow Lee*, supra. There, an amendment to the affidavit of publication

was upheld disclosing publication of summons for the required period of two months when the original affidavit of publication stated that the summons had been published for one month. There is no suggestion in that case, as we construe it, that the affidavit upon which the order is based directing service of summons by publication may be amended after entry of judgment to include within its scope an additional statutory ground for making such order.

It will be noted too, that *City of Salinas v. Luke Kow Lee*, supra, follows the doctrine of *Hahn v. Kelly*, 34 Cal. 391, 408, 94 Am. Dec. 742, and hence must have been deemed to be a case not subject to reexamination by the supreme court of the United States. Being clearly a proceeding in rem, it is obviously distinguishable from the instant case.

Upon the vital question whether jurisdiction may be obtained over a person, who resides in and is domiciled in a state at the time an action in personam is instituted therein, but who leaves that state without having been served with summons, by thereafter instituting a proceeding for publication of summons on the ground that by due diligence such person could not be found in the state and on the further ground that such person has departed from the state, the only cases cited by plaintiff dealing with the laws of California are: *In re Connaway, Receiver of Moscow Nat. Bank*, 178 U. S. 421, 427, 44 L. Ed. 1134, 20 S. Ct. 951; *Langley v. Zurich General Accident & Liability Insurance Co.*, 219 Cal. 101, 25 P. (2d) 418 and *Ware v. Robinson*, 9 Cal. 107. The last two cases, above cited, deal with defendants who have concealed themselves within the state to avoid service.

In *Langley v. Zurich General Accident & Liability Insurance Co.*, supra, the court declined to pass upon

the question whether a personal judgment could be rendered or not, saying:

"We need not pause to consider whether, under the facts here shown, a personal judgment against Holland could be rendered as appellant has not raised this question and it is now too late to do so."

We would be reluctant to follow the doctrine of *Ware v. Robinson*, supra, on the ground that the method prescribed for procuring jurisdiction seems to be barren of any thought of giving the defendant notice of the proceeding. An affidavit to the effect that the affiant is informed that defendant is concealing himself to avoid service followed by the appointment of an attorney to represent him, and the filing of a general denial by such attorney is the basis of such purported jurisdiction. That case, however, does not deal with a defendant confessedly out of the state when the proceeding for constructive service was instituted.

The Connaway case is controlled by a federal statute which has no application to the case at bar.

■ We deem it unnecessary to review the cases from jurisdictions other than California for the reason that the law of California as construed by the supreme court of the United States is controlling.

The quotation made by plaintiff herein from the opinion of that court in *Hebert v. State of Louisiana*, 272 U. S. 312, 71 L. Ed. 270, 47 Sup. Ct. Rep. 103, 48 A. L. R. 1102, comprises a part of a pronouncement upon the authority of the state of Louisiana to enace two statutes concerning the penalty for unlawfully manufacturing intoxicating liquor for beverage purposes and of the courts of that state to construe them as intended to be taken together. The question of jurisdiction of the state

court over the person of defendant was not affected by the construction given to these statutes.

The authorities, cited by plaintiff, to the point that domicile is a sufficient basis of jurisdiction, even if the defendant is not physically present in the state of his domicile, are from jurisdictions other than California. The case of *De La Montanya v. De La Montanya,* supra, is to the contrary. Being a California case and never having been overruled, it is controlling.

■ It is urged that there is competent evidence to the effect that at the time of the publication of summons in the case of *Morrill v. Hughes,* defendant Hughes was domiciled in California. As we construe the record, the competent evidence is to the contrary.

Whatever may have been his motive for leaving California, whether to obtain employment, avoid another unwarranted arrest by the constabulary of that state or prevent the court from acquiring jurisdiction in the case mentioned, it is undisputed that he left the state of California, that he took with him his wife and all of his earthly belongings, that he came to Portland, Oregon, nearly two months before the proceeding was instituted in California to serve the summons in *Morrill v. Hughes* by publication, that he obtained employment in Portland, Oregon, nearly two months before the publication of summons was completed, that he had no home or other place of abode in California and that although more than seven years elapsed before the trial in the case at bar was had in the circuit court, defendant had not during all that time returned to the state of California.

It is true that the record shows that shortly before defendant left California and while he was living in Los Angeles he was arrested. Three policemen called

at his place of abode, asked him if his name was Hughes. One of the policemen testified that defendant thereupon denied that his name was Hughes and upon inquiry stated that no one by the name of Hughes lived there. Hughes contradicts the policeman in that regard. Be that as it may, the policemen arrested defendant and locked him up in a cell. The crime shown by the blotter of the police court for which the arrest was made is described as "suspicion of robbery". The arresting officer, who testified, said that the police department had been advised that a man named Hughes had deposited some large bills, in fact in denominations of one thousand dollars. He also testified that it was generally known that throughout the United States many bank robberies had been committed and that usually money in large denominations was taken in such crimes. For that reason, defendant herein was arrested. Not only that, the police also took Mrs. Hughes into custody. Thereupon, it developed that Mr. and Mrs. Hughes had rented a safety deposit box under an assumed name. The box was opened and found to contain the papers and documents which Mr. and Mrs. Hughes told the officers were there, and both of them were released.

The incident just related discloses that the police department of Los Angeles had no difficulty in locating Hughes. It is true that he changed his place of abode four times during the interval from December, 1929, to February, 1930, but each time his apartment was rented in his true name. The bank deposits above referred to were made in the true name of Mr. and Mrs. Hughes. When defendant arrived in Portland, Oregon, he and his wife made a deposit in their true name in one of the largest banks in Portland.

■ We think that the burden was upon plaintiff to prove the facts necessary to show that the California court had jurisdiction over the person of defendant. If, contrary to the doctrine of the De La Montanya case, domicile in California would support the judgment, certainly plaintiff held the affirmative upon that issue. We think that the undisputed testimony shows that subsequent to the 1st of February, 1930, defendant Hughes had no domicile in California.

■ It has been urged that defendant fraudulently left California as a fugitive from civil justice and hence cannot now question the jurisdiction of the California court based upon the only service of summons possible because of the fact that by his fraudulent conduct defendant prevented personal service.

In *Boring v. Penniman*, 134 Cal. 514, 66 P. 739, it appeared that James C. Dunham killed a number of people and thereafter the parents of one of his victims brought suit against him for damages resulting to them from his having taken the life of their daughter. The affidavit for publication of summons plainly stated that Dunham had fled from the scene of his crime and thus made it impossible for affiant to find him. Notwithstanding this felonious conduct and the ensuing flight to evade criminal prosecution, the supreme court of California held that publication of summons did not confer jurisdiction of the person of Dunham in an action in personam.

We think that the test of jurisdiction, of that nature, is whether the requirements of the law as to service of summons have been met; and not whether the motive of the defendant rendered such service difficult or even impossible.

The judgment of the circuit court is reversed and the cause remanded with instructions to enter a judgment of dismissal.

RAND, C. J., and BEAN, ROSSMAN and LUSK, JJ., concur.

BAILEY, J., concurs in the result.

BELT, J., not sitting.