Ware *v.* Robinson.

---

WARE *et al. v.* ROBINSON *et al.*

An appeal will lie from a judgment or order putting a party in contempt.
The provision of the Practice Act authorizing judgment, personal and final, against an absent defendant, for whom the Court has appointed an attorney, with privilege to the defendant to come in and deny in six months, is not in violation of the Constitution of the United States or of this State.

APPEAL from the Superior Court of the City of San Francisco.

The facts of this case appear in the opinion of the Court.

*Hoge & Wilson* for Appellants.
A garnishee has the right to inquire into the validity of the previous proceedings in the case. It is a duty which he owes to his creditor and himself, as it would be no bar to a subsequent recovery if he should permit judgment to go against him on an attachment that is absolutely void. Ford *v.* Hurd, 4 Sme. & Mar., 684; Pierce *v.* Carlton et al., 12 Ill. R., 363.

Did the proceedings had in this case authorize the appointment of an attorney to appear for the defendant? §§ 30, 31, Prac. Act.

The appointment of an attorney is intended as a substitute for publication. Unless there is a case for publication made by the affidavit of Osborn, there is no case for appointing an attorney.

But we contend that the statute allowing the Court to appoint an attorney in lieu of publication, is unconstitutional and against the great principles of free government. It violates the principle that no man shall be deprived of his property, etc., "unless he be duly brought to answer, and be forejudged by course of law." 1 Black. Com., 139; Con. of Cal., Art. I, § 8; 3 Peters' Cond. R., 312; Bloom v. Burdick, 1 Hill R., 139; Starbuck v. Murray, 5 Wend., 156, 157.

"To bind a defendant personally, by judgment, when he was never personally served, or had notice of the proceedings, would be contrary to the first principles of justice."

So it was decided in Fisher v. Lane, 3 Wils., 297. In Phelps v. Holker, 1 Dallas, 261, a judgment under like circumstances was held in Penn. not binding and conclusive. In Kibbe v. Kibbe, (Kirby, 119) the Supreme Court of Connecticut went further, and denied operation to a judgment so obtained in Massachusetts. The English Courts have established the same rule. Buchanan v. Bucker, 9 East., 192; Kilburn v. Woodworth, 5 John. R., 40; Aldrick v. Kinney, 4 Conn. R., 386; Hitchcock v. Aicken, 1 Caines, 460; Robinson v. Ward, 8 John., 86; ib., 194; 13 John., 192; 15 ib., 121; Russell v. Briggs, 9 Mass., 462; Jacob v. Hill, 12 Mass., 25; Bushard v. Gates and wife, 4 Dana, 435; Boswell, lessee, v. Otis et al., 9 How. U. S., 350; Sheaffer v. Gates et al., 2 B. Mon., 455; Lessee of Payne v. Moreland, 15 Ohio, 444.

The right to obtain a judgment personally, without service of process or notice in same form, must not be confounded with proceedings *in rem.*

In the latter, the thing is levied on and pursued. Jurisdiction is acquired by levying on the thing, and, having once acquired jurisdiction, any further irregularities are merely matters of error. In most, if not all the States, proceedings in foreign attachments are proceedings *in rem.* The judgment only goes, in the absence of an appearance or defence, against the property attached. The want of notice is merely error, because it is a part of the proceedings after jurisdiction is acquired by service on the property. Such a judgment, whilst it may be reversed on direct appeal or writ of error, is conclusive in all collateral proceedings. Vorhies v. Bk. U. S., 10 Peters, 449, 468; Kilburn v. Wordsworth, 5 John., 40; Aldrich v. Kinny, 5 Conn., 386, 387; Kellog ex parte, 6 Vt., 509.

In the case at bar the question is as to jurisdiction of the person, so as to authorize a personal judgment, irrespective of property. 4 Cra., 278; 1 Paine C. C. R., 626; 12 Serg. & Raw., 289.

The case of Flint River Steamboat Company v. Foster, 5 Geo. R., 194, is relied on by respondent. This case was a proceeding *in rem*, a *quasi* admiralty proceeding.

The fact that our statute allows a party to come in within six

months and have a judgment opened up, does not strengthen the case where the defendant is not presumed to know, and has no means of knowing, by publication or otherwise, that a judgment has been rendered against him.

*W. K. Osborn* for Respondents.

The respondents insist, that this appeal should be dismissed for want of proper parties, and for the further reason, that no appeal lies from the order of the Superior Court herein appealed from.

Section 335 of Practice Act, provides, that " any party aggrieved may appeal in the cases prescribed in this title," and section 347, "an appeal may be taken from the District Court and Superior Court of the city of San Francisco, in the following cases : first, from a final judgment rendered in an action, or special proceeding commenced in those Courts, or brought into those Courts from another Court ; second, from an order granting or refusing a new trial ; from an order refusing to change the place of trial, etc. ; from an order granting or dissolving an injunction, and from any special order made after final judgment."

These appellants are not parties to the original action, and therefore cannot appeal from the judgment, or any special order made after final judgment in the action. And even if the proceedings herein, supplementary to execution, be considered as a special proceeding in the nature of an action against the appellants, as this Court would seem to hold in the case of Adams *v.* Hackett & Casserly, January Term, 1857, then no final judgment in such special proceeding has yet been had, and the appeal is taken in the very threshold of the proceeding.

If appeals are allowed in such cases as the present, an appeal may be taken at every step in an action, and there will be no end of litigation.   (See Moraga *v.* Emeric, 4 Cal., 308.)

It is contended, by counsel for appellants, that so much of section thirty and thirty-one of Practice Act, as authorizes a judge, in actions upon contracts for the direct payment of money, where it shall appear by affidavit to his satisfaction that a cause of action exists, and that the defendant is concealing himself to avoid service of summons, to appoint an attorney to appear for the concealed defendant, and conduct the proceedings, on his part, is unconstitutional.

In the case of Bates *v.* Delevan, 5 Paige Ch. R., 305, the Court say, " By the *lex loci rei citæ*, property belonging to a person who is not within the jurisdiction of a Court of Law or Equity, may be made subject to the jurisdiction of the Court, so as to render the judgment or decree of such Court binding as a proceeding *in rem* against the property which is within its jurisdiction." Cases to the same point might be quoted from the law reports of nearly every State in the Union.   See, for example, 1 Hill, 130 ;

2 Hill, 64; 5 Johns., 37; 1 Dallas, 261; 6 Pick., 232; 11 Mass., 507; 1 N. H., 542; 2 Vt., 263; 4 Conn., 380; 2 Leigh, Va., 172; and other cases innumerable; all of which agree to support the proposition, that Courts of Law and Equity may have jurisdiction of the subject-matter of a suit, and render a judgment binding on the property of the party defendant, even though they have not jurisdiction of the person for want of personal notice.

The mode of proceeding by which such jurisdiction may be had, must be left to the legislative authority of each sovereignty. In Beech v. Abbot, 6 Vt., 591, the Court hold, "it is undoubtedly competent for the Legislature to prescribe such mode of judicial procedure as it may deem proper; to direct the manner of serving process, the notice which shall be given to defendants, and to declare the effect of a judgment rendered in pursuance of such notice. See, also, Douglass v. Forrest, 4 Bing., 686, per Best, J.

However hard may be the operation of the law in individual cases, the Court will not, therefore, pronounce the law unconstitutional or void.

In Bennet v. Boggs, 1 Bald., 74, the Court say, "we cannot declare a legislative act void because it conflicts with an opinion of policy, expediency, or justice. We are not guardians of the rights of the people of the State, unless they are secured by some constitutional provision which comes within our judicial cognizance." "Now, although as a general rule, a defendant must have notice, actual or constructive, otherwise no valid judgment can be rendered against him, yet the Legislature may dispense with notice, and further, notice before judgment is not essential when the statute provides specific modes of relief."

Chief Justice Marshall says, in Mode v. The Deputy Marshal of Virginia, 1 Brock., 334, "it is a principle of natural justice, which Courts are not at liberty to dispense with, unless under the mandate of positive law, that no person shall be condemned unheard, or without an opportunity of being heard."

Again, from Cowen and Hill's Notes to Phillips' Evidence, vol. ii, 192, "Personal notice is not always necessary. The Legislature may prescribe what notice shall be sufficient." See, also, Owner et al. v. Mayor of Albany, 15 Wend., 374, Sharp v. Pratt, ib., 610, 613.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

The plaintiffs commenced their action, upon a promissory note, against Swedenstierna, in the Superior Court of San Francisco. The summons was returned, without service, and the attorney of the plaintiffs made affidavit that he was informed and believed that Swedenstierna was then in the State, and concealed himself to avoid the service of process. The Court, thereupon, made an

order appointing an attorney to appear for Swedenstierna. The attorney appeared, and put in a *general* denial; and judgment was rendered for plaintiffs. Upon this judgment execution was issued, and the attorney of the plaintiffs made affidavit that he was informed and believed that Robinson and Devoe had property of Swedenstierna's in their possession. An order was made by the Court, requiring the garnishees to appear and answer before the referee named in the order. They appeared, but refused to be examined, upon the ground that the Court had no jurisdiction of the person of Swedenstierna, and therefore the proceedings were void. The referee reported the fact to the Court; whereupon the Court adjudged the said Robinson and Devoe guilty of a contempt of Court, from which they appealed.

The learned counsel of the plaintiff asks this Court to dismiss the appeal, upon the ground that this was a case of contempt, from the decision of which no appeal will lie. This objection does not seem to be well taken. This question was very fully considered in the several cases of E. A. Rowe on *habeas corpus,* January Term, 1857.

Coming, then, to the merits of the case, the learned counsel for Robinson and Devoe insist that that portion of the thirty-first section of the Practice Act, allowing the Courts to appoint attorneys for defendants, in lieu of publication, " is unconstitutional, and against the principles of a free government."

The Constitution of the United States, and the Constitution of this State, both provide that no person shall " be deprived of life, liberty, or property, without due process of law."

Whether this restriction applies as well to the Legislature as to the judiciary, it is not now necessary to determine, as the question is not involved in this case. If the personal judgment, in cases like this, was intended by the code to be final and conclusive, under *all* circumstances, after the expiration of six months, then its constitutionality might admit of very grave doubt. But we cannot think such was the intention of the Legislature.

It is true that the judgment is, in form, personal and final, and that the code, section sixty-eight, authorizes the Court, upon such terms as may be just, to allow the defendant, at any time within six months, to answer to the merits of the *original* action. Under the theory of the Practice Act, the defendant, when summoned in the manner prescribed, is as duly brought into Court as if personally served with the summons; and, as a legitimate result of being legally in Court, unless he denies the allegations of the complaint, within six months, he is held to admit them to be true, and cannot afterwards show their falsity.

But this theory of the code, as applicable to *this* case, proceeds upon the ground that the defendant was in fact within this State, and *concealed* himself to *avoid* the *service of process.* The affida-

vit is only *prima facie* evidence of these facts. If untrue in point of fact, the defendant could at any time institute his suit to set aside the judgment, upon the ground of fraud. This fraud is not found in the cause of action, as set forth in the complaint, but in the manner of bringing the defendant into Court. Upon a false state of facts, as to the grounds upon which the service of process has been dispensed with, the plaintiff has obtained a judgment in his own wrong, and that judgment cannot be permitted to stand. Like any other judgment obtained by fraud, it may be set aside. But when the facts of residence and concealment do exist, then the defendant has no right, after the expiration of the six months, to question the truth of the allegations of the complaint. He is deemed to be in Court, under such a state of circumstances, and must be held to know the allegations of the complaint, and to admit them to be true, in the same manner as if personally served with the summons. When he in fact conceals himself, to avoid the service of process, he cannot complain of the want of such service, when he has, by his own act, prevented it. The plaintiff has a right to the service of process, and he cannot be deprived of this right by the act of the defendant, who voluntarily puts himself beyond the reach of process, with the criminal *intention of avoiding it.*

The judgment in this case was good, until set aside for legal cause, and the garnishees should have answered. The order of the Court below is therefore affirmed.