No. 2,278.

JOHN EITEL, RESPONDENT, v. L. H. FOOTE et als., APPELLANTS.

TAX SUIT. — VALIDITY OF JUDGMENT IN. — The validity of a judgment in a tax suit must be tested by the same rules, and is subject to attack in the same mode and by the same means, as a judgment in an action of any other class.

IDEM. — SERVICE OF SUMMONS. — JURISDICTION. — In a tax suit, a recital in the decree "that all the owners and claimants of the property have been duly summoned to answer the complaint herein and have made default in that behalf," there being nothing contradictory to it in the record, is conclusive, in a collateral proceeding, that the Court acquired jurisdiction of the owner of the premises.

IDEM. — ASSESSMENT ROLL. — A defective assessment roll may be introduced in the trial of a tax suit to show that the taxes were not legally assessed, but can not avail in a collateral attack on the judgment.

CONSTRUCTIVE SERVICE OF PROCESS. — The power of the Legislature, to provide for constructive service of process, is too well settled to be attacked on constitutional grounds.

APPEAL from the District Court of the Sixth District, Sacramento County.

The facts are stated in the opinion.

*Beatty & Denson,* for Appellant.

*Alexander, Armstrong & Hinkson,* for Respondent.

(T.)

RHODES, C. J., delivered the opinion of the Court:

The plaintiff relies upon a Sheriff's deed, executed in pursuance of a sale made under a decree of the District Court, which ordered the property in controversy to be sold for the payment of taxes. The defendant insists that the decree is void for the want of jurisdiction either of the defendant or of the land sought to be charged with the payment of the taxes, and, for authority, reliance is mainly placed on *Mayo* v. *Ah Loy* (32 Cal. 477.) That case was tried in the District Court long before the decision was rendered in *Hahn* v. *Kelly* (34 Cal. 402), and when the rules as to the manner in which a judgment might be collaterally attacked, were not as well settled in the Courts of this State as they are at this time. The District Court found, as facts in that case, that in the action on the assessment, the Court did not acquire jurisdiction either of the real estate or of its owner. The record in this Court did not contain the record in the assessment case, and this Court could neither determine whether the District Court erred in its findings, nor whether the Court found the facts above mentioned, from the judgment roll, or from evidence *aliunde* the record; but in determining whether the Court acquired jurisdiction of the defendant, in the action on the assessment, this Court was governed entirely by the findings in the record then before them. A decision based on such findings, is not authority, when the question is, whether it appears from the judgment roll, that the Court acquired jurisdiction of the defendant.

The validity of a judgment in a tax suit is to be ascertained by the same tests, has the benefit of the same presumptions, and is subject to attack in the same mode, and by the same means, as a judgment in an action of any other class. The doctrines announced in *Hahn* v. *Kelly*, and the cases affirming that case, are applicable without regard to the character of the action in which the judgment was rendered. (See *Reilly* v. *Lancaster*, 39 Cal. 354.)

Tested by these rules, we think the judgment is not void. The action was commenced against "Coe, 7,400, and John Doe, whose real names are to the plaintiff unknown, and

who are therefore sued by the fictitious names last aforesaid," and the real estate.    The statute authorizes the suit to be brought against the owner by a fictitious name, when the property is assessed to an unknown owner (Statutes 1861, p. 721); and the complaint alleges that the real estate therein mentioned was assessed to unknown owners and to all owners and claimants known and unknown.    The decree recites, that it appeared to the satisfaction of the Court "that all owners and claimants of the property above described have been duly summoned to answer the complaint herein, and have made default in that behalf."   This recital—there being nothing contradictory to it in the record—is conclusive on the point that the Court acquired jurisdiction of the owner of the premises, whenever the judgment is collaterally drawn in question.    The Statute of April 4, 1864 (Statutes 1863–4, p. 399), declares that this recital in the decree shall be proof of the fact recited.

It sufficiently appears from the judgment roll, that the taxes sued for, and for which the decree was rendered, were levied and assessed as city taxes, for the City of Sacramento.    The decree is made certain by reference to the complaint.

The assessment roll, which was introduced in evidence by the defendant in this case, might have tended to show, had it been introduced on the trial of the tax suit, that the taxes were not legally assessed; but it is entitled to no weight whatever, in a collateral attack upon the judgment.

We do not deem it necessary to discuss the constitutional question presented by the defendant.    The power of the Legislature to provide for constructive service of process, has so often been exercised, and the validity of such service has so frequently been recognized, both directly and indirectly, by the Courts of this State, as well as those of most of the States of the Union, that it may be regarded as beyond the reach of attack on constitutional grounds.

Judgment and order affirmed.