[Civ. No. 25588.   Second Dist., Div. Three.   Sept. 22, 1961.]

JUNIOR ADRIAN MILLER, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; J. S. ALVAREZ et al., Real Parties in Interest.

Early, Maslach, Foran and Williams for Petitioner.

Harold W. Kennedy, County Counsel, William E. Lamoreaux, Assistant County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondent.

SPARKS, J. pro tem.*—Petitioner seeks a writ of mandamus compelling the respondent court to vacate an order heretofore made in denial of a motion to quash service of summons and to require said respondent to grant said motion. The petition is verified by Harry Boyd, who deposes and says: "That he is one of the attorneys appearing on behalf of Petitioner Adrian Miller and as such he verifies the foregoing Petition For Alternative Writ of Mandamus on behalf of said Petitioner for the reason that he is more familiar with

---

*Assigned by Chairman of Judicial Council.

the facts stated therein than is said petitioner and that *the whereabouts of petitioner is unknown*; . . ." (Emphasis added.)

The facts giving rise to this special proceeding are as follows: a complaint was filed in Los Angeles Superior Court on August 3, 1960, by J. S. Alvarez, Maria Alvarez and F. Yanez, by Maria Alvarez, his guardian *ad litem*, as plaintiffs, and naming Junior Adrian Miller (petitioner herein) as defendant. The action was for damages for injuries to persons and property alleged to have been sustained by the negligent operation of a motor vehicle driven by Miller. Summons was issued on August 3, 1960, and an order for publication of summons was made on February 21, 1961. Publication of the summons was duly had in the Los Angeles Daily Journal, commencing on February 28, 1961. Petitioner was never served personally with a copy of said summons and complaint, either inside or outside of the State of California, his whereabouts being unknown.

On or about May 2, 1961, a document entitled "Notice to Plea" was sent to the law firm of Early, Maslach, Foran and Williams, 4680 Wilshire Boulevard, Los Angeles 5, California, and filed with respondent court. This "Notice to Plea" was apparently served upon said counsel under the belief that they were representing said defendant's insurance carrier. It advised that on or about May 8, 1961, plaintiffs would request an entry of default against said defendant. Attached to this document was a declaration of plaintiffs' attorney, Richard A. Ibanez, stating that he had mailed a copy of the summons and complaint to Farmers Insurance Group, insurance carrier for defendant, on March 7, 1961. On May 5, 1961, the said law firm filed notice of motion to quash the attempted service of summons on defendant Junior Adrian Miller, on the ground that he had left the State of California and had never been personally served. This motion was argued, and on May 26, 1961, respondent court made its order denying the motion to quash.

In respondent's return filed herein, it is urged that no credible evidence, either by way of affidavit or otherwise, was offered at said hearing on said motion to quash, that Junior Adrian Miller had departed from the State of California, and that the moving party had failed to sustain his burden of proof on this ground.

The statutory provisions in California for constructive service of process are contained in sections 412 and 413,

Code of Civil Procedure. These sections provide for service of summons by publication and mailing upon a defendant who resides out of the state, or has departed from the state, and by publication alone where the defendant cannot, after due diligence, be found within the state, or where he conceals himself to avoid service of summons. Satisfactory proof by affidavit that the person upon whom service is to be made comes within one or more of these categories is a jurisdictional requirement to the issuance of an order for publication. (*Forbes* v. *Hyde*, 31 Cal. 342; *Columbia Screw Co.* v. *Warner Lock Co.*, 138 Cal. 445 [71 P. 498] ; *In re Behymer*, 130 Cal. App. 200 [19 P.2d 829] ; *Morgan* v. *Clapp*, 207 Cal. 221 [277 P. 490].) ▮▮▮ The affidavit, being a foundational document, measures the validity and effectiveness of the order (*Stern* v. *Judson*, 163 Cal. 726 [127 P. 38]) ; the allegations thereof should conform to rules of evidence and state probative facts of affiant's own knowledge rather than hearsay information or merely legal conclusions. (*Kahn* v. *Matthai*, 115 Cal. 689 [47 P. 698] ; *Columbia Screw Co.* v. *Warner Lock Co.*, *supra*; *In re Behymer*, *supra*; *Batte* v. *Bandy*, 165 Cal. App.2d 527 [332 P.2d 439].)

The declaration-affidavit filed by plaintiffs' counsel as a basis for publication of summons in the principal action contains the following allegations: ''4. Said defendant, Adrian Junior Miller, cannot, after due diligence, be found within the State of California, or, said defendant conceals himself to avoid the service of Summons herein.'' In support of said statutory grounds for publication, the following appears in said affidavit: that the defendant was a resident of the State of California on June 3, 1960, the date of the accident sued upon; defendant was the registered owner of the automobile involved in the accident, bearing a California license for 1960; defendant had an operator's license issued by the State of California listing his address as 1117 Barton, Whittier, California; a criminal complaint was issued against defendant charging him with drunk driving, a misdemeanor, in the case entitled *The People of the State of California* versus *Junior Adrian Miller*, Municipal Court of Los Angeles Judicial District, Case No. V86393; the trial of said criminal case was set for July 27, 1960, in division 20 of said court; the defendant in said criminal case, and the defendant in the action herein, failed to appear at said trial and a warrant for his arrest was issued; said warrant has not been served

on defendant for the reason that said defendant cannot be found and said warrant remains outstanding; inquiry had been made at defendant's last known place of employment, and information was received that he had quit his employment; a licensed investigator, Mr. LeRoy Webb, had been employed to find defendant, but had not been able to do so; inquiries had been made of defendant's residence and of his roommate and that inquiry had been made of defendant's insurance carrier. The following statement taken from the report of the investigator was embodied in said affidavit: ''It is with regret I must tell you that he has skipped the state. He left about a month and a half ago to his home state of La. According to the party he roomed with at the Whittier address, Miller got wind of the fact he was being sought on the 502 warrant, and departed in much haste. . . . No one knows the address or name of the town in La. to which Miller fled.'' Attached to said report are three photographs of said defendant taken by the Los Angeles Police Department, bearing number 049530, dated 2-20-61. The affidavit then recites: ''Based upon the foregoing facts and circumstances enumerated in the preceding sub-paragraphs, declarant alleges that said defendant Junior Adrian Miller has either left the state, or is concealing himself to defraud the plaintiffs and no other form of service is available to the plaintiffs other than service by publication.''

The court thereupon granted the order for publication of summons on the three grounds of (1) departure from the state, (2) inability to find defendant in California after due and diligent search, and (3) concealment to avoid service of summons. We are of the opinion that the affidavit was sufficient to support the order on the last two grounds, but not on the first. As noted above, the declaration upon which the order for publication was based was made by plaintiffs' attorney. The quoted portion of the investigator's report included in said affidavit was consequently not only hearsay as to said deponent but was itself based upon unsworn and hearsay information. It was, therefore, of no probative value and insufficient to support a finding that the defendant had departed from the state. (*Kahn* v. *Matthai, supra; In re Behymer, supra; Batte* v. *Bandy, supra.*) We conclude that the finding for the order of publication that said defendant had departed from the state was made inadvertently, for the reason that said order also contains the following specific finding: ''And it further in like manner satisfactorily appear-

ing to me that the residence of said Defendant Junior Adrian Miller is 1117 Barton Road, Whittier, California . . ." The other two findings, that said defendant could not with due diligence be found in the State of California, and that he is concealing himself to avoid service of summons, however, were adequately buttressed with probative facts.

In *Rue* v. *Quinn*, 137 Cal. 651, the court stated at pages 655-656 [66 P. 216, 70 P. 732] : "In making the order for the service by publication the judge acts judicially upon the evidence which the code requires to be presented to him for that purpose, and can act upon no other evidence than such as is prescribed by the code . . . [His] decision . . . is to be regarded with the same effect as is his decision upon any other matter of fact submitted to his judicial determination. . . ." To similar effect is the holding in *Wyoming Pacific Oil Co.* v. *Preston*, 50 Cal.2d 736, from which we quote (p. 739 [329 P.2d 489]) : "Here the order expressly recites that 'upon reading and filing the affidavits [of five named persons] and it satisfactorily appearing therefrom to me that the Defendant George B. Bush . . . conceals himself to avoid service of the Summons. . . .' It thus appears that at the time of making the order for publication, the court was satisfied, and therefore found, that defendant Bush was concealing himself to avoid service." In the instant case the only substantial evidence before the court at the time of making the order for publication, supported the finding that the defendant could not, after due diligence, be found in the State of California and was concealing himself to avoid service of summons. It did not support the finding that the defendant had departed from the state. ▉ It is established law that a judgment or order of court, invalid in part, will not be totally rejected if the invalid part is severable and it does not vitiate the remainder. (*Liuzza* v. *Bell*, 40 Cal.App.2d 417 [104 P.2d 1095] ; *Harwell* v. *Harwell*, 26 Cal.App.2d 143 [78 P.2d 1167].) We conclude that respondent court's ruling upon the motion to quash service of summons was justified in considering itself bound only by that portion of the order for publication which had been correctly adjudicated and in disregarding the part thereof unsupported by evidence. (*Harwell* v. *Harwell*, *supra*; *Liuzza* v. *Bell*, *supra*.)

▉ The provisions of law permitting a personal judgment to be taken by constructive service of summons against a *resident* who cannot, after due diligence, be found within

the state, or who conceals himself to avoid the service of summons is not violative of constitutional due process. (*Ware* v. *Robinson*, 9 Cal. 107; *Stern* v. *Judson*, 163 Cal. 726 [127 P. 38]; *Milliken* v. *Meyer*, 311 U.S. 457 [61 S.Ct. 339, 85 L.Ed. 278, 132 A.L.R. 1357]; *Knowles* v. *Logansport Gas-Light & Coke Co.*, 19 Wall. (U.S.) 58, 62 [22 L.Ed. 70, 72]; *Bardwell* v. *Anderson*, 44 Minn. 97 [46 N.W. 315, 20 Am.St. Rep. 547, 9 L.R.A. 152]; Rest., Conflict of Laws, § 75, comment c, pp. 111, 112.) "There would seem to be no doubt that a personal judgment against a resident who conceals himself within the state to evade service may be recovered on service by publication. And under some circumstances the law permits a plaintiff to procure an order for publication of summons where the defendant cannot, after due diligence, be found within the state. That fact must be made to appear by affidavit by or on behalf of the plaintiff." (Quoting from 40 Cal.Jur.2d, Process, Notices, and Papers, § 59, p. 85. See also 72 C.J.S., § 56 b, p. 1071; 42 Am.Jur., Process, § 64, pp. 53-54; note, 126 A.L.R. 1474, 1483.) ██ Generally speaking, the Legislature is primarily the judge of the necessities that warrant substituted instead of personal service. (*Eitel* v. *Foote*, 39 Cal. 439; *Hoffman* v. *Superior Court*, 151 Cal. 386 [90 P. 939]), subject, of course, to the requirements of due process that the method of service reasonably be designed to give notice of the action to a defendant. (*Allen* v. *Superior Court*, 41 Cal.2d 306 [259 P.2d 905].)

██ A person who deliberately conceals himself to evade service of process is scarcely in a position to complain overmuch of unfairness in substitutive methods of notification enacted by the Legislature to cope with such situations. When it satisfactorily appears that a defendant by his own design successfully has secreted himself from the process server and thus thwarted personal service, it would indeed be anomalous to heed an assertion that he had been denied notice and an opportunity to be heard. (*Ware* v. *Robinson, supra*, 9 Cal. 107.)

It is contended, however, in the petition and points and authorities that "A California resident cannot have a personal judgment rendered against him through service by publication where he is outside the state" (citing *"De La Montanya* v. *De La Montanya*, 112 Cal. 101 [44 P. 345, 53 Am.St.Rep. 165, 32 L.R.A. 82]; *Wilson* v. *Barry*, 119 Cal.App.2d 621 [259 P.2d 991]; *Wilson* v. *Seligman*, 144 U.S. 41 [12 S.Ct. 541, 36 L.Ed. 338]), and that the motion to quash service

of summons should have been granted by reason of the provisions of section 417, Code of Civil Procedure.[1] The quoted excerpt of the petition is a correct statement of law insofar as it goes. ■ Since the enactment of said section 417, Code of Civil Procedure, jurisdiction over absent domiciliaries may be obtained in the situations specified in said section, by an order for publication of summons and by personal service outside of the state. This relaxation of the rigid requirement of service of process within the state in order to obtain personal jurisdiction (*Pennoyer* v. *Neff*, 95 U.S. 714 [24 L.Ed. 565]; *De La Montanya* v. *De La Montanya*, *supra*, 112 Cal. 101; *Pinon* v. *Pollard*, 69 Cal.App.2d 129, 131 [158 P.2d 254]), has been upheld by our Supreme Court in *Allen* v. *Superior Court*, *supra*, 41 Cal.2d 306; *Smith* v. *Smith*, 45 Cal.2d 235 [288 P.2d 497], and in *Owens* v. *Superior Court*, 52 Cal.2d 822 [345 P.2d 921]. ■ In *Allen* the court quoted from *Milliken* v. *Meyer*, 311 U.S. 457 [61 S.Ct. 339, 85 L.Ed. 278, 132 A.L.R. 1357]: "Domicile in the state is alone sufficient to bring an absent defendant within the reach of the state's jurisdiction for purposes of a personal judgment by means of appropriate substituted service. Substituted service in such cases has been quite uniformly upheld where the absent defendant was served at his usual place of abode in the state (citing authorities) as well as where he was personally served without the state. (Citing authority.)" Thus, the theory of jurisdiction "based upon physical power over the body of the defendant" (*Allen* v. *Superior Court*, *supra*, p. 310), has given way to the domiciliary theory, i.e., that one cannot avoid responsibilities arising out of domicile and put himself beyond reach of process for purposes of a personal judgment merely by sojourning abroad. (*Milliken* v. *Meyer*, *supra*; *Owens* v. *Municipal Court*, *supra*, 52 Cal.2d 822.)

In California there is no general statute authorizing constructive service of process upon a defendant by leaving a copy of the summons and complaint at his abode with a member of his family. Furthermore, the provisions of the

---

[1]Section 417, Code of Civil Procedure, reads as follows: "Where jurisdiction is acquired over a person who is outside of this State by publication of summons in accordance with Sections 412 and 413, the court shall have the power to render a personal judgment against such person only if he was personally served with a copy of the summons and complaint, and was a resident of this State (a) at the time of the commencement of the action, or (b) at the time that the cause of action arose, or (c) at the time of service."

Vehicle Code authorizing service of process upon the Director of Motor Vehicles, as the agent of the owner or operator of a motor vehicle in an action growing out of any accident or collision resulting from the operation of said motor vehicle in the state, applies only to nonresidents. (Veh. Code, § 17451.)[2] Consequently, in order to obtain jurisdiction for a personal judgment upon absent domiciliaries, personal service of process must be had in accordance with the provisions of said section 417, Code of Civil Procedure.

In the special proceeding now before us, we do not feel constrained, however, to hold that personal service of process upon the petitioner is a mandatory requirement for the entry of a personal judgment. There was no finding of the court supported by substantial evidence that petitioner had either departed from the state or was absent therefrom. His attorneys frankly concede that they do not know his whereabouts. We therefore find no imbalance of fair play in allowing the plaintiffs to proceed upon constructive service of process against the petitioner who is concealing himself to evade service. The contention that he may have fled the jurisdiction and therefore must be personally notified of the action is based upon conjecture and not evidence. Otherwise, so long as petitioner was successful in evading the process server, plaintiffs' right to proceed with their lawsuit would be stalemated and their claims held in abeyance.

The petition for writ of mandamus is denied, and the alternative writ heretofore issued discharged.

Shinn, P. J., and Ford, J., concurred.

---

[2]Section 17450 of the Vehicle Code reads: "As used in this chapter, 'nonresident' means a person who is not a resident of this State at the time the accident or collision occurs."