Filed 5/25/21 Certified for Publication 6/18/21 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| JOHN RIOS, JR., | |
| Plaintiff and Respondent, | C086959 |
| v. | (Super. Ct. No. 34-2015-00180028-CU-PO-GDS) |
| RAGHVENDRA "RAJ" SINGH, | |
| Defendant and Appellant. | |

Raghvendra "Raj" Singh, representing himself, appeals from the default judgment entered in favor of John Rios, Jr., and against Singh and other defendants and the orders denying Singh's motions to set aside the default. Singh now contends (1) the trial court lacked personal jurisdiction because Rios did not properly serve the summons and complaint; (2) default was improperly entered because defendants filed an answer or reply on November 2, 2015; (3) the trial court erred in denying him relief under Code of Civil Procedure section 473.5;[1] (4) the trial court erred in awarding Rios damages where the complaint did not state the amount of damages; (5) Rios's counsel should have disclosed to Singh during their communications that Rios had filed documents in support of a request for entry of judgment; and (6) there are a number of defenses to the complaint.

_____

[1] Undesignated statutory references are to the Code of Civil Procedure.

1

We conclude (1) the trial court did not err in granting Rios's application for an order of service by publication and Singh fails to show that the service by publication here did not comply with section 415.50; (2) Singh's November 2, 2015 motion was not an answer and did not preclude the entry of default; (3) Singh did not satisfy the requirements for relief under section 473.5; (4) publication of the statement of damages provided Singh notice of the amount of damages Rios sought; (5) Singh was not entitled to further notices after the entry of default; and (6) we do not consider Singh's contentions on the merits because he has not shown that default was improperly entered. We will affirm the judgment.

BACKGROUND

Rios filed a complaint for premises liability against Singh, Kiran Rawat, and Singh and Rawat as trustees of The Ram Sita Trust. The complaint alleged defendants negligently owned, leased, occupied, controlled, repaired, maintained, inspected and/or managed certain real property located on Stockton Boulevard in Sacramento such that a fire broke out at the property and injured Rios.

In support of an ex parte application pursuant to section 415.50 for an order permitting service of a summons by publication in The Sacramento Bee newspaper, Rios declared that Singh, who Rios believed owned the Stockton Boulevard property, gave Rios and his fiancée permission to live in the house at the property in exchange for helping make repairs. Rios's fiancée died in a fire at the house, and Rios had burns on over 46 percent of his body.

Also in support of the ex parte application for service by publication, Rios's attorney Anthony Ontiveros declared that he hired private investigator Rick Rogers to identify the owner of the Stockton Boulevard property. Rogers's investigation showed that The Ram Sita Trust owned the property and Singh and Rawat were the trustees of the trust. Rogers provided Ontiveros with a post office box address in Sacramento for the trust. Ontiveros later asked Rogers to serve Singh and Rawat at an address on 28th Street

2

in Sacramento, which Rogers's investigation found was the last known physical address for Singh and Rawat. Service at that address was unsuccessful.

A man identifying himself as Singh called Ontiveros about a month after Rios filed his complaint. Singh said he was aware of Rios's lawsuit, he had information about Rios which he would use if the lawsuit continued, and Ontiveros should drop the lawsuit against defendants and sue Sacramento County instead. Ontiveros tried to get Singh to meet Rogers but Singh refused any contact except by telephone.

Rogers passed away shortly thereafter, and Ontiveros hired private investigator Tom Campbell to find and serve process on defendants. In support of the ex parte application for service by publication, Campbell declared that he had learned that Singh and Rawat operated a business on 51st Avenue in Sacramento. Campbell's research showed that The Sitaram Trust, another trust associated with Singh and Rawat, owned the 51st Avenue property.

Nearly two months after Rios filed the complaint and the day before Campbell attempted to serve defendants at the 51st Avenue property, Ontiveros received a document titled "Notice and Request to Withdraw Frivolous Filing" and a letter by facsimile. The request contained the title and case number for Rios's complaint and purported to be signed by "Karen Singh," whose address was the same post office box address as for The Ram Sita Trust.[2] The request stated, "We heard that you filed above stated lawsuit. You are notified pursuant to California Civil Procedure Code sections 128.5 and 128.7 that we will request for sanctions and for damages against you if you do not withdraw the complaint in the above captioned case within 30 days. The complaint in the above captioned case is frivolous, is for improper purpose, and is filed to harass or to cause unnecessary delay or needless increase in the cost of litigation. Karen Singh never

---

[2] It appears that Karen Singh is Kiran Rawat.

3

had any contact with John Rios. So, Karen Singh can never be liable. The house was not under the control of defendants at the time of incident. Notices and the Sheriff clarified to everyone on several occasions that it was a crime to stay in the house at the time of incident. So, plaintiff should be behind bars for trespassing, living in inhabitable [*sic*] house and other crimes. Defendants believe that plaintiff conspired with others to burn the house."

The accompanying letter was addressed to the "[a]ttorney for the welfare of John Rios." It was unsigned. The letter threatened to request sanctions and initiate a malpractice lawsuit against Rios's attorney and to disclose Rios's criminal activities if the lawsuit was not dismissed.

Campbell attempted to serve Singh and Rawat at the 51st Avenue property on July 29, 2015. It was an industrial and commercial property with an office building set back about 75 yards from a locked gate. Campbell spoke to a black male who was inside the fenced area and who appeared to be guarding the premises. That person said Singh should be there within the next few hours. Campbell saw the man again when he returned to the property about two hours later. The person said Singh was regularly at that site, mostly during mid-day. The gate remained locked. Campbell did not see any activity at the office.

Singh called Ontiveros later that afternoon and left messages asking for a return call. When Campbell returned Singh's calls, Singh told Campbell he would not cooperate with attempts to serve him.

Campbell returned to the 51st Avenue property on August 5, 2015. The gate remained locked and there was no one at the property except for the man who appeared to be a guard. The man again told Campbell that Singh came to the property most days at mid-day. Campbell again returned to the property at about 1 p.m. the next day. The gate was locked and he did not see anyone on the premises.

4

Ontiveros sent the summons, complaint and an acknowledgment of receipt of the summons to Singh at the post office box address for The Ram Sita Trust on August 24, 2015. The same documents were sent the same day to the post office box, addressed to Rawat. Ontiveros received no response from Singh or Rawat.

Three months after he filed his complaint, Rios filed the ex parte application for service by publication on the ground that defendants were evading service of process. The trial court granted the application, ordering that the summons be served by publication in The Sacramento Bee once a week for four weeks. Rios subsequently filed a declaration of publication showing compliance with the order.

Singh filed a motion to set aside all rulings by the trial court and a document titled "reply" on November 2, 2015. Those papers showed that Singh's address was the same post office box as for Rawat and The Ram Sita Trust. Singh asserted that Judge Cadei, who signed the order for publication, was biased against defendants. He also claimed Rios did not authorize the lawsuit; Rios caused the fire; and Rios was a career criminal and had committed many crimes on the property. No declaration accompanied the motion and reply.

The trial court noted that the only order it had granted was the order permitting service of the summons by publication and Singh did not explain why that order should be set aside. Therefore, the trial court refused to set aside its order for service by publication.

More than five months later, Rios filed a request for entry of default, seeking a judgment of $4,803,764 including costs of $3,764 against defendants. A copy of the request was sent by mail to Singh, Rawat and The Ram Sita Trust at their post office box address. Default was entered the same day.

Singh and Rawat filed a motion to set aside the default and for other relief and a document titled "reply" shortly thereafter. They argued that the default was improperly entered because defendants had filed an answer on November 2, 2015. They further

5

asserted that service by publication was improper because Rios knew their address but did not serve them there; the service by publication did not disclose the content of the complaint; and they did not see any publication. Singh and Rawat sought relief under sections 473 and 473.5. Their "reply" attacked the complaint and asserted various defenses.

The trial court denied Singh and Rawat's motion, noting that no answer had been filed and that defendants did not submit a declaration or any evidence supporting their claims regarding improper service.

Singh and Rawat filed a motion for reconsideration, repeating many of the same arguments raised in their set-aside motion. Singh submitted a supporting declaration asserting the following: Rios knew defendants' address but did not serve them there. Defendants did not notice any publication about this case. Rios did not inform defendants of the action. Rios told Singh that Rios did not file the action. And Singh told Rios's attorney that Singh would welcome service if the attorney confirmed that Rios was really a plaintiff.

The trial court denied the unopposed motion for reconsideration because the motion repeated the same arguments made in the prior set-aside motion and provided no new or different facts, circumstances or law.

Singh filed a third motion to set aside the default and for other relief about two months later, repeating arguments he had previously made and raising new arguments which he reiterates on appeal. The trial court denied that unopposed motion. It ruled that service on a post office box was not permitted under section 415.20, subdivision (a); in any event, Rios sent the summons, complaint and a notice and acknowledgment to defendants at their post office box address by mail. It found that Singh was not present at the 51st Avenue location when Campbell visited it four times, and Singh told Ontiveros that Singh would not cooperate with the service of process. It denied Singh's motion for

6

relief under section 473.5 because Singh did not submit a copy of the answer or other pleading proposed to be filed in the action.

Singh filed a fourth motion to set aside the default and for other relief about 11 months later. He repeated the arguments made in the prior set-aside motion and also argued defendants could not be liable to Rios because the trial court had appointed a receiver for the Stockton Boulevard property and Rios had been evicted and cited for trespassing on the property. The trial court treated Singh's motion as an untimely motion for reconsideration under section 1008, subdivision (a) and denied it because Singh provided no new or different facts, circumstances or law.

Singh filed a fifth set-aside motion 23 days later, again repeating many of the arguments he had previously made and also arguing that the complaint did not state the amount of damages; the receiver and Sacramento County were necessary parties; Rios's attorney did not tell Singh that Rios had filed documents for a default judgment; and Rios assumed the risk of injury.

Following a default prove-up hearing, which was set to take place before the hearing on Singh's fifth set-aside motion, the trial court entered judgment in favor of Rios and against Singh and Rawat in the amount of $1,782,793.06 in special damages, $3 million in general damages, and $3,764 in costs, for a total judgment of $4,786,497.06. The trial court later continued the hearing on Singh's set-aside motion because it was concerned that Singh had not actually served Rios with the motion. It directed the court clerk to serve Rios's counsel with a copy of its minute order so that counsel might file and serve an opposition to Singh's motion. Rios filed an opposition to the set-aside motion. His attorney averred that Rios did not receive notice of Singh's set-aside motion nor the prior set-aside motions and orders denying those prior motions. The trial court dropped Singh's motion from its calendar due to the lack of notice.

## DISCUSSION

## I

Singh argues the trial court lacked personal jurisdiction because Rios did not properly serve the summons and complaint; therefore, all orders by the trial court are void.

" '[C]ompliance with the statutory procedures for service of process is essential to establish personal jurisdiction.  [Citation.] . . . [A] default judgment entered against a defendant who was not served with a summons in the manner prescribed by statute is void.' " (*Ellard v. Conway* (2001) 94 Cal.App.4th 540, 544 (*Ellard*); accord *Calvert v. Al Binali* (2018) 29 Cal.App.5th 954, 961-962; *Carr v. Kamins* (2007) 151 Cal.App.4th 929, 936-937.)  Whether a judgment is void for lack of proper service is a question of law that we review de novo.  (*Calvert,* at pp. 961-962; *Giorgio v. Synergy Management Group, LLC* (2014) 231 Cal.App.4th 241, 247 (*Giorgio*).)

Section 415.10 et seq. governs the manner of service of a summons.  A summons may be served by various methods.  If service of a summons by other means proves impossible, service may be effected by publication, upon the trial court's approval. (*Watts v. Crawford* (1995) 10 Cal.4th 743, 748-749 and fn. 5 (*Watts*).)  Section 415.50 governs this method of service.  Subdivision (a) of the statute provides, in pertinent part, "A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in [section 415.10 et seq.] and that . . . [¶] . . . [a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action."

A number of honest attempts to learn the defendant's whereabouts through inquiry and investigation generally are sufficient.  (*Watts, supra,* 10 Cal.4th at p. 749, fn. 5.)  A plaintiff must show such efforts because it is generally recognized that service by publication rarely results in actual notice.  (*Ibid*; accord *Donel, Inc. v. Badalian* (1978)

8

87 Cal.App.3d 327, 332 (*Donel*); *Sanford v. Smith* (1970) 11 Cal.App.3d 991, 1001 (*Sanford*).) Whether the plaintiff exercised the diligence necessary to justify resort to service by publication depends on the facts of the case. (*Donel,* at p. 333.) The question is whether the plaintiff took the steps a reasonable person who truly desired to give notice of the action would have taken under the circumstances. (*Ibid.*) We review a trial court's finding that the defendant could not with reasonable diligence be served by a means superior to publication for substantial evidence. (*Giorgio, supra*, 231 Cal.App.4th at p. 248.)

Here, substantial evidence supports the trial court's finding that Rios could not with reasonable diligence serve the summons and complaint on defendants by a means superior to publication. Ontiveros hired Rogers and later Campbell to locate and serve the owners of the property where Rios was injured, and they made numerous attempts to effectuate service. While section 415.20, subdivision (b) authorizes substitute service by leaving a copy of the summons and complaint at a party's "usual place of business" in the presence of "a person apparently in charge of his or her office, [or] place of business, . . . at least 18 years of age," Campbell did not see anyone at the premises when he made his fourth and last attempt to personally serve Singh and Rawat at the 51st Avenue location. And substitute service under section 415.20 may not be effected at the only other address Ontiveros had for defendants: a United States Postal Service post office box. (§ 415.20, subd. (a), (b); cf. *Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1201-1203 [approving service on a clerk at a private post office box business, as opposed to a United States Postal Service, post office box address]; *Ellard, supra,* 94 Cal.App.4th at pp. 545-546 [approving service on the manager of a private post office box where no facts suggested that service was available at any other address for the defendant].)

Ontiveros also attempted to serve Singh and Rawat with the summons and complaint by mail pursuant to section 415.30. Service under that section is deemed complete on the date a written acknowledgment of receipt of the summons is executed, if

9

the acknowledgment is returned to the sender. (§ 415.30, subd. (c).) Ontiveros served a set of the summons, complaint and acknowledgment of receipt on Singh and Rawat, separately, by certified mail to the post office box address shown on a motion he received from Rawat and which investigation showed was the address for the owner of the property where Rios was injured. That post office box address is the same address Singh provided on the motions he filed in the trial court and on his appellate brief. But defendants did not return a signed acknowledgement of receipt of the summons.

Singh argues Rios was required to serve defendants by mail at least three times, but he cites no legal authority in support of his assertion. An appellate brief must support each point by argument and, if possible, by citation of authority and to provide a citation to the record for a factual assertion. (Cal. Rules of Court, rule 8.204(a)(1)(B) & (a)(1)(C).) We treat Singh's claim as forfeited because he fails to support it by citation to legal authority. (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520 (*Tanguilig*); *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1245, fn. 14 (*Nwosu*); *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785 (*Badie*).)

Singh also challenges the declarations filed in support of Rios's application for publication. A declaration supporting a section 415.50 application must state probative facts based on personal knowledge rather than hearsay or legal conclusion. (*Sanford, supra,* 11 Cal.App.3d at pp. 998-1000; *Miller v. Superior Court* (1961) 195 Cal.App.2d 779, 783-784; accord *Olvera v. Olvera* (1991) 232 Cal.App.3d 32, 42 (*Olvera*).) Singh summarily asserts that Campbell's declaration was fraudulent and insufficient for an order for publication and that unspecified declarations were not based on personal knowledge. We do not consider undeveloped claims. (*Badie, supra,* 67 Cal.App.4th at pp. 784-785; *Maral v. City of Live Oak* (2013) 221 Cal.App.4th 975, 984-985.)

Singh also complains that defendants did not actually see the publication of the summons. Although section 415.50 provides that the summons must be published in a designated newspaper that is "most likely to give actual notice" to the defendant, it does

10

not require that the defendant actually see the publication. (§ 415.50, subd. (b); see *Watts, supra,* 10 Cal.4th at p. 749, fn. 5; *In re Emily R.* (2000) 80 Cal.App.4th 1344, 1353 [for purposes of due process, actual receipt or actual knowledge is not required; notice by means reasonably calculated to provide actual notice is sufficient].)

Moreover, the record shows that Singh and Rawat actually knew of Rios's lawsuit against them and the nature of Rios's claim. Singh admitted to Ontiveros that he was aware of Rios's lawsuit, and Singh attempted to convince Ontiveros to dismiss the lawsuit against defendants and to sue Sacramento County instead. Singh's statement to Ontiveros was an admission and was admissible to show actual notice of the complaint. (See *Langley v. Zurich General Accident & Liability Ins. Co.* (1933) 219 Cal. 101, 103-105 (*Langley*).) A few weeks after that telephone call, Ontiveros received a request from Rawat to withdraw the complaint or face sanctions under sections 128.5 and 128.7. Rawat correctly identified the case title and number for Rios's lawsuit and the court in which the action was pending. She referenced a house fire, which was the basis for Rios's lawsuit against defendants, and asserted reasons why Rawat was not liable to Rios. Further, when Singh filed his November 2, 2015 set-aside motion, service of the summons by publication was not yet complete under section 415.50, subdivision (c), and defendants had time to file an answer or otherwise respond to the complaint.[3] Singh's set-aside motion referred to a house fire and alleged defenses to Rios's complaint against defendants. The filing of the set-aside motion confirmed that Singh was aware of Rios's complaint in time to avoid the entry of a default.

---

[3] Service of the summons by publication was complete on November 5, 2015, the twenty-eighth day after the first date of publication. (§ 415.50, subd. (c); Gov. Code, § 6064.) The time for filing an answer expired on December 5, 2015. (§ 412.20, subd. (a)(3).)

11

Singh next contends that Rios should have mailed defendants a copy of the summons pursuant to section 415.50, subdivision (b). That subdivision provides, in pertinent part, "The [trial court's] order shall direct that a copy of the summons, the complaint, and the order for publication be forthwith mailed to the party if his or her address is ascertained before expiration of the time prescribed for publication of the summons." Singh fails to show what fact triggered mail service under section 415.50, subdivision (b). Nothing in the record shows that Rios discovered an additional address for Singh, Rawat and/or The Ram Sita Trust after the publication order issued. There is no evidence in the record that Singh, Rawat and/or The Ram Sita Trust had any address other than those where Ontiveros and his investigators had unsuccessfully attempted to serve defendants, and Singh did not suggest any additional address in the documents he filed in the trial court.

Singh also argues that Rios should have served the complaint by publication. Section 415.50, subdivision (b) requires publication of the summons. It does not require publication of the complaint. (§ 415.50, subd. (b).)

In addition, Singh complains that the publication order application was made ex-parte. But an application for an order of publication of the summons may be made at an ex parte hearing. (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group June 2020) ¶¶ 4:427, 9:347; see *Stern v. Judson* (1912) 163 Cal. 726, 735 [affidavit for an order for the publication of summons is always ex parte].)

We conclude that Singh and Rawat's failure to return signed acknowledgements of receipt of the summons and Singh's avoidance of the service of process, in particular his refusal to meet with Ontiveros's private investigator in person and statement to Campbell that he would not cooperate with the service of process, together with Ontiveros's diligent efforts to serve the summons and complaint on Singh and Rawat, supported the trial court's conclusion that resort to service by publication was justified. (*Langley, supra,* 219 Cal. At pp. 104-105; *Miller, supra*, 195 Cal.App.2d at p. 786; see *Giorgio,*

12

*supra*, 231 Cal.App.4th at pp. 248-249; cf. *Olvera, supra,* 232 Cal.App.3d at pp. 41-43; *Donel, supra*, 87 Cal.App.3d at pp. 333-334.)

An application for an order of publication must be accompanied by an affidavit stating facts from which the trial court can draw the conclusion that the plaintiff has a cause of action against the defendant. (*Olvera, supra,* 232 Cal.App.3d at p. 42, fn. 9; *Harris v. Cavasso* (1977) 68 Cal.App.3d 723, 726.) This is a jurisdictional prerequisite to the issuance of an order of publication. (*Ibid.*; *Islamic Republic of Iran v. Pahlavi* (1984) 160 Cal.App.3d 620, 628.) Singh further argues that Rios was not entitled to a default judgment because the complaint failed to state a cause of action or did not support the demand for relief. But here, the trial court could reasonably infer from Rios's averments and statement that he had a valid cause of action against defendants that defendants' conduct was a substantial factor in bringing about Rios's harm. Rios's declaration satisfied the requirement in section 415.50 of an affidavit showing that Rios had a cause of action against defendants. The trial court did not err in granting Rios's application for an order of service by publication.

II

Singh next asserts that default was improperly entered because defendants had filed an answer or reply on November 2, 2015. Not so.

"In all actions where the service of the summons was by publication, upon the expiration of the time for answering, and upon proof of the publication and that no answer, demurrer, notice of motion to strike of the character specified in subdivision (f), notice of motion to transfer pursuant to Section 396b, notice of motion to dismiss pursuant to Article 2 (commencing with Section 583.210) of Chapter 1.5 of Title 8, notice of motion to quash service of summons or to stay or dismiss the action pursuant to Section 418.10, or notice of the filing of a petition for writ of mandate as provided in Section 418.10 has been filed, the clerk, upon written application of the plaintiff, shall enter the default of the defendant." (§ 585, subd. (c).) The record does not show that, at

13

the time default was entered against defendants, any of them had filed a pleading, motion or petition specified in section 585, subdivision (c).

The only motion filed by any defendant prior to the entry of default was Singh's November 2, 2015 motion, which was directed at the order of publication. Although Singh now contends his motion constituted an answer, the motion expressly stated, "Defendants will file their answer after defendants are served properly." Additionally, the motion was not titled "answer" or other motion or pleading specified in section 585, subdivision (c), it did not contain any general or specific denial of the material allegations of the complaint, and it did not separately number the defenses to the complaint. (§ 431.30, subd. (b) [an answer to a complaint must contain the general or specific denial of the material allegations of the complaint controverted by the defendant and a statement of any new matter constituting a defense]; Cal. Rules of court, rule 2.112 [each separately stated defense must specifically state its number]; see *Goddard v. Pollock* (1974) 37 Cal.App.3d 137, 143 [a court clerk may rely on the title of a pleading or motion to refuse to enter a default].) We conclude that Singh's November 2, 2015 motion was not an answer or response to a complaint specified in section 585, subdivision (c).

III

Singh contends the trial court erred in denying him relief under section 473.5.

"When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her in the action, he or she may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action." (§ 473.5, subd. (a).) A defendant seeking to set aside a default or default judgment under section 473.5 must show, by affidavit, that his or her lack of actual notice in time to defend the action was not caused by his or her avoidance of service or inexcusable neglect. (§ 473.5, subd. (b).) The defendant must also submit a copy of the answer, motion or other pleading proposed to be filed in the action. (§ 473.5, subd. (b).) We review a trial court's decision to grant

14

or deny relief under section 473.5 for abuse of discretion.  (*Sakaguchi v. Sakaguchi* (2009) 173 Cal.App.4th 852, 862 (*Sakaguchi*).)

As we have explained, the record shows that Singh had actual notice of Rios's lawsuit in time to file an answer or other response to the complaint and avoid the entry of a default.  (See *Ellard, supra*, 94 Cal.App.4th at p. 548.)  Even if he lacked actual notice of the action in time to defend, Singh bore the burden of showing that his lack of actual notice was not caused by his avoidance of service or inexcusable neglect (§ 473.5, subd. (b)), but Singh's declaration did not state any supporting facts.  Singh did not reference evidence that he avoided attempts to serve him.  Singh's conclusory declaration does not satisfy his burden.  (See *Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 509.)  Additionally, the record does not show that Singh submitted a proposed answer, motion or other pleading with his set-aside motions.  (*Sakaguchi, supra,* 173 Cal.App.4th at p. 862 [finding no abuse of discretion in the denial of a motion to set aside a judgment under section 473.5 where the defendant did not declare that he lacked actual knowledge of the action, show that any lack of knowledge was caused by excusable neglect and submit an answer, motion or other pleading with his motion].)  Because he did not satisfy the requirements for relief under section 473.5, we reject Singh's claim that the trial court erred in denying him relief under that statute.

IV

Singh also argues the trial court erred in awarding Rios damages because the complaint did not state the amount of damages.

In personal injury actions, the plaintiff cannot state in the complaint the amount of damages sought.  (§ 425.10, subd. (b).)  If the defendant does not request a statement setting forth the nature and amount of damages being sought, the plaintiff must serve the statement on the defendant before a default may be taken.  (§ 425.11, subd. (c).)  If the defendant has not appeared in the action, the plaintiff must serve the statement of damages in the same manner as the summons.  (§ 425.11, subd. (d)(1).)  A plaintiff who

15

has obtained an order for service of process by publication is not required to apply for a second order to serve a statement of damages by publication. (*Anastos v. Lee* (2004) 118 Cal.App.4th 1314, 1318.)

Here, Rios filed a declaration showing publication of a statement of damages in The Sacramento Bee on four dates over four successive weeks in March 2016. The statement indicated that Rios sought over $4.8 million in general and special damages from defendants. Singh's challenge lacks merit.

V

Moreover, Singh complains that Ontiveros should have disclosed during their January 27 to 30, 2018 communications that Rios had filed documents in support of a request for entry of judgment.

After default was entered, Singh was no longer an active party in the litigation and, thus, was not entitled to further notices. (*Sporn v. Home Depot USA, Inc.* (2005) 126 Cal.App.4th 1294, 1301.) Nevertheless, Singh knew the date of the default prove-up hearing because he asked the trial court to continue that date. And Singh attended the default prove-up hearing. Singh fails to demonstrate how he is entitled to any relief.

VI

Singh raises a number of defenses to the complaint. For example, he says he cannot be liable for any incident after September 23, 2013, because he was not in control of the property during that period and the receiver and Sacramento County, which had control over and interest in the property, should have been joined as necessary parties. He also says Rios should not have been on the property and Rios assumed the risk of injury.

The entry of default bars Singh from advancing contentions on the merits. (*Steven M. Garber & Associates v. Eskandarian* (2007) 150 Cal.App.4th 813, 823.) A default "cuts off the defendant from making any further opposition or objection to the relief which plaintiff's complaint shows he is entitled to demand." (*Title Ins. & Trust Co.*

16

*v. King Land & Improvement Co.* (1912) 162 Cal. 44, 46.) After a default, a defendant is " 'out of court' " and cannot take any further steps in the cause affecting the plaintiff's right of action until the default is set aside in a proper proceeding. (*Ibid.*; *Devlin v. Kearny Mesa AMC/Jeep/Renault, Inc.* (1984) 155 Cal.App.3d 381, 385.) We cannot consider Singh's contentions because he has not shown that the default was improperly entered.

Singh further urges that Rios was a criminal, wanted "to make millions illegally in this case," and Rios's attorney claimed to have judges "on his payroll." We do not consider those claims because Singh fails to provide any reasoned argument showing why reversal is required on those grounds, with citation to legal authority and to evidence in the record supporting his factual assertions. (*Tanguilig, supra*, 36 Cal.App.5th at p. 520; *Nwosu, supra,* 122 Cal.App.4th at p. 1245, fn. 14; *Badie, supra,* 67 Cal.App.4th at pp. 784-785.)

## DISPOSITION

The judgment is affirmed. Rios shall recover his costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)


                                                     /S/
                                          MAURO, J.


We concur:


    /S/
HULL, Acting P. J.


    /S/
HOCH, J.

Filed 6/18/21

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| JOHN RIOS, JR., | |
| Plaintiff and Respondent, | C086959 |
| v. | (Super. Ct. No. 34-2015-00180028-CU-PO-GDS) |
| RAGHVENDRA "RAJ" SINGH, | |
| Defendant and Appellant. | ORDER GRANTING REQUEST TO PUBLISH |

APPEAL from a judgment of the Superior Court of Sacramento County, Christopher E. Krueger, Judge. Affirmed.

Raj Singh, in pro. per., for Defendant and Appellant.

Clayeo C. Arnold, Anthony M. Ontiveros and Kiersta D. Perlee, for Plaintiff and Respondent.

1

THE COURT:

      The opinion in the above-entitled matter filed on May 25, 2021, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

FOR THE COURT:


     /S/
HULL, Acting P. J.


     /S/
MAURO, J.


     /S/
HOCH, J.

2