Filed 5/16/23; Certified for Publication 6/5/23 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ZAAL ARESH,<br><br>    Plaintiff and Appellant,<br><br>      v.<br><br>MONICA MARIN-MORALES et al.,<br><br>    Defendants;<br><br>DANIEL WILLIAMS,<br><br>    Respondent. | G060579, G060827<br><br>(Super. Ct. No. 30-2020-01153341)<br><br>O P I N I O N |

Appeal from a judgment and postjudgment order of the Superior Court of Orange County, James Crandall, Judge. Reversed in part and remanded. Appellant's request for judicial notice denied.

Jonathan Lee Borsuk for Plaintiff and Appellant.

Daniel J. Williams, in pro. per., for Respondent.

\*       \*       \*

Zaal Aresh appeals from an order vacating the judgment he obtained to enforce his attorney fee lien and to collect the fees and costs he earned in two cases from the settlement funds recovered in those cases. His current dispute is not with his former clients,[1] however; it is with respondent Daniel J. Williams, the attorney who took over the clients' representation after Aresh's services were terminated. Aresh had initially included Williams as a defendant in his lawsuit, along with all the other potential claimants to the settlement funds recovered in the cases, with the intent that all interested parties could participate in resolving their claims to those funds in a single action. But Williams demurred, arguing Aresh was required to establish the validity, value, and enforceability of his own attorney fee liens in an action against just his former clients before he could state any cause of action involving a third party.

Aresh then dismissed Williams and the other third parties as defendants in the case and litigated his fee claims against only his former clients. Following a trial, the court determined Aresh was entitled to recover his earned fees and costs from the settlement amounts pursuant to his liens. However, over Aresh's objection, the court also purported to determine the amount of fees and costs Williams was entitled to be paid from the settlement funds in the two cases, and ordered that the remainder of the two settlement funds be dispersed to the clients. The court entered a judgment incorporating all of those issues.

Aresh filed a notice of appeal as to the judgment. Williams thereafter moved to vacate the judgment, correctly arguing the court could not adjudicate the amount of fees and costs he was entitled to receive in a case in which he was not a party. But Williams did not stop there. He argued the court was required to vacate the entire judgment—not just the provisions addressing his fees and costs—because if the court allowed the remaining provisions of the judgment to stand, it would dispose of all the

_____

[1] Defendants Monica Marin-Morales, Akin Arikan, Glafira Cruz Sumano, Beatriz Marin-Morales, and David Marin Romero (former clients).

2

settlement funds other than those awarded to Williams, and thus would implicitly preclude him from recovering a greater share of the settlement funds than had been awarded in his absence. The trial court agreed and vacated the entire judgment. We disagree and therefore reverse in part.

Where the trial court erred was in failing to distinguish between the provisions of the judgment awarding fees and costs to Aresh, and those awarding the remaining portion of the settlement funds to Aresh's former clients. Only the latter cannot be severed from the properly vacated provisions adjudicating Williams's rights.

As Williams himself initially argued, Aresh's fee claims and the validity of his liens against the settlement funds are contractual matters to be determined between Aresh and the former clients, who are the parties to his fee agreements and, as a result, his liens. Williams was not required to be—and objected to becoming—a party to litigation addressing Aresh's fee claims. The court had jurisdiction to adjudicate those claims without Williams's participation; that judgment is therefore valid. The fact that Williams, as subsequent counsel, has his own fee claim against the same clients, does not require reversal of Aresh's part of the judgment.

By contrast, the judgment's provisions ordering that all remaining funds be paid to the former clients implicitly adjudicates the lien claims of any third parties (such as Williams) who also claim a right to share in those settlement funds. The court lacked jurisdiction to determine the validity and value of Williams's lien claim; it also lacked jurisdiction to determine the amount of remaining settlement funds to be paid to the former clients. Thus, the invalidity of the judgment provisions awarding fees to Williams could not be severed from the provisions awarding specific amounts to the former clients. As a result, we reverse the order vacating the judgment and remand the case to the trial court with directions to enter a new order vacating only the provisions purporting to adjudicate (1) Williams's rights to the settlement funds and (2) Aresh's former clients'

3

entitlement to be paid specific amounts of the settlement funds. The provisions adjudicating Aresh's rights to specific portions of the settlement funds remain intact.[2]

## FACTS

Aresh initiated litigation to obtain recovery of the attorney fees and costs he earned while representing Marin-Morales in an employment case. Aresh also represented Marin-Morales and four other individual defendants, Akin Arikan, Glafira Cruz Sumano, David Marin Moreno, and Beatriz Marin Morales, in a personal injury case (collectively, former clients). Aresh alleged that the former clients had granted him a contractual lien against any recovery in both cases, to ensure payment of his attorney fees and costs out of any such funds. Aresh's services were terminated by his former clients in both cases after he had done substantial work on them, and shortly before the matters were settled. Williams took over the employment case, while he and a third attorney took over the personal injury case.

Aresh alleged that after both cases had been resolved, he filed notice of his liens, but his former clients refused to pay him any share of the settlement funds as his fees. He alleged the former clients and Williams claimed he had no valid lien against the settlement funds in either the employment case or the personal injury case and also that there were conflicting demands by various parties against both settlements.

Aresh's lawsuit alleged causes of action for breach of contract and quantum meruit, and for interpleader and declaratory relief against all defendants, including (1) the individual former clients, (2) Williams, (3) the third attorney and law firm who succeeded Aresh and Williams as counsel in the personal injury case, and (4) various professionals

---

[2]     Aresh has also asked us to take judicial notice of a stipulation he entered into with his former clients, reflecting the clients' non-opposition to the provisions of the judgment favoring Aresh. We deny the request. The stipulation was entered into after the court issued the order vacating the judgment which is at issue in this appeal; the stipulation is therefore irrelevant to our analysis.

4

who provided service in connection with each case. The claim for declaratory relief alleges that the former clients and Williams (but not the third attorney) dispute the "validity, priority, and amount" of his attorney liens, and seeks a declaration that his lien is "valid and perfected, first-priority . . . [and] in the amount of the value of the services" he rendered.

Williams demurred, citing *Mojtahedi v. Vargas* (2014) 228 Cal.App.4th 974 (*Mojtahedi*), for the proposition that a discharged attorney could not sue to enforce his fee lien against a successor attorney holding settlement funds unless he first established the validity and value of the lien in an action against the client. He argued that the discharged attorney must first bring an action "only against the client with whom the complaining attorney had a contract for attorney services." He also argued Aresh "does not have standing for declaratory relief as to subsequent counsel Williams, because Aresh has not established the validity and amount of his purported liens in an independent and separate legal action against his former clients, and such standing will not occur until conclusion (i.e., judgment) of the present legal action against his former clients." (Initial capitalization and bold omitted.)

The trial court tentatively agreed that the demurrer should be sustained and took the matter under submission after oral argument.[3] The court also ordered both

---

[3]     We believe *Mojtahedi* is distinguishable from this case. In *Mojtahedi*, the initial attorney attempted to enforce his fee lien against the subsequent attorney without involving the clients. He argued it was improper for an attorney to draw the clients into what he viewed as a dispute that is solely between attorneys over their division of a contingent fee. (*Mojtahedi, supra,* 228 Cal.App.4th at p. 979.) The appellate court disagreed, pointing out the attorney's lien was a matter of contract between the attorney and clients and the fees would be paid out of settlement funds otherwise belonging to the clients. Consequently, the attorney must establish "his entitlement to a particular portion of the settlement proceeds" as against the client before enforcing that entitlement against a third party holder of the funds. (*Id*. at p. 978.) In contrast to *Mojtahedi*, Aresh did include his former clients in his lawsuit, thus giving them the opportunity to be heard that

5

Aresh and Williams to detail the amount of fees and costs included in the settlement funds and how each expected those fees and costs to be apportioned. The former clients submitted their own proposal as well, which amounted to a request that Aresh and Williams agree on how to divide the contingency fee amounts between themselves, with the remainder of the settlement funds immediately disbursed to the former clients.

Six weeks later, apparently before the court formally ruled on the demurrer, Aresh filed a request for dismissal, without prejudice, as to every named defendant except for the former clients. The matter proceeded to a trial between Aresh and his former clients. Williams declined to participate as a party, but he appeared as a witness.

At the conclusion of the trial, the court announced a tentative decision stating that the contingency fee in the underlying employment case was $65,000 (40 percent of the client's recovery), and that 65 percent of that amount was to be paid to Aresh, while 35 percent was to be paid to Williams; costs in the amount of $3,590.33 and $193.65, were payable respectively. The court ruled the "remaining $93,716.02" of the settlement funds was to be paid to the client. For the underlying personal injury case, the court tentatively decided that the attorney fees were 25 percent of one client's recovery and 33.33 percent of the other clients' recoveries, and Aresh was entitled to be paid 90 percent of those amounts, while Williams was entitled to be paid 10 percent; costs were waived by the parties. Again, the court stated, "the remaining funds (minus the contingency fees) are to be paid from the trust account to the [clients] forthwith." The court ordered counsel for the former clients to prepare a proposed judgment.

The proposed judgment prepared by the former clients' counsel included provisions specifying the fee and cost amounts to be paid to each Aresh and Williams with respect to each case, as well as provisions identifying the remaining amount of

was improperly denied to the clients in that case. The issue of simultaneous litigation was never raised in *Mojtahedi*.

settlement funds that each client was entitled to be paid, and specifying how the check to each was to be made out—including that "[n]either Zaal Aresh nor Daniel Williams shall be payees on said payment . . . ."

Aresh objected to the provisions of the proposed judgment that "affirmatively . . . remit or release funds to [the former clients] and nonparty Daniel Williams," pointing out the court could not award relief "for or against a person who is not a party to the proceeding" and a defendant "cannot obtain relief unless it files a cross-complaint against the plaintiff because affirmative relief cannot be claimed in the answer."

The court signed the judgment, as proposed, on June 1, 2021. Within a month, Williams filed a motion to vacate the judgment, arguing it was void because it purported to adjudicate his fee claim in the underlying cases when he was not a party. On October 28, 2021, the court vacated the judgment in its entirety. The court acknowledged it was without fundamental jurisdiction to adjudicate Williams's fee claim, as he was not a party to the action following his dismissal. The court also agreed with Williams's contention that the invalid portion of the judgment adjudicating his fees could not be severed from the remaining provisions because those other provisions had awarded the remaining settlement funds to either Aresh or the former clients, and thus the continuing validity of those provisions would effectively limit Williams's own potential share of the settlement funds to the amounts that had been improperly adjudicated in his absence.

Aresh timely filed an appeal as to the underlying judgment and the postjudgment order to vacate.

**DISCUSSION**

1.    *Where the Parties Agree*

It is undisputed that the judgment provisions specifying the amounts of fees earned by Williams in the two underlying cases are void. As explained by our Supreme

7

Court in *People v. American Contractors Indemnity Co.* (2002) 33 Cal.4th 653, 660, a judgment is void, as opposed to merely voidable, when the court lacks fundamental jurisdiction over the subject matter or the parties; i.e., it has "'an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties.'" Here, the court lacked jurisdiction over Williams because he had been dismissed as a party prior to the trial. "When a court lacks jurisdiction in a fundamental sense, an ensuing judgment is void, and 'thus vulnerable to direct or collateral attack at any time.'" (*Ibid.*)

The parties also agree that if the void provisions of the judgment cannot be severed from the otherwise valid remainder, the judgment must be vacated in its entirety. (See *Miller v. Superior Court* (1961) 195 Cal.App.2d 779, 785 ["a judgment or order of court, invalid in part, will not be totally rejected if the invalid part is severable and it does not vitiate the remainder"].)

Finally, the parties agree that the provisions of the judgment specifying the amounts of settlement funds to be paid to the clients are not severable from the void provisions purporting to adjudicate Williams's fee claims. We agree as well. Until Williams has had an opportunity to prove the amounts he contends he is entitled to for his fees, or the former clients agree, the court cannot determine the remaining amounts of the settlement funds to be disbursed to the former clients.[4]

2.    *Where the Parties Disagree*

The parties disagree about whether the provisions of the judgment adjudicating the fees Aresh is entitled to recover are severable from the void provisions.

---

[4]    It is unclear whether Williams has taken any steps to establish the validity and value of his own contractual attorney fee liens against the former clients' settlement funds, as he insisted Aresh was obligated to do. If one or more of the clients dispute the validity of Williams's lien, his entitlement to fees, or the amount he is entitled to, that dispute must be resolved in an action between Williams and the former clients.

We conclude they are, and thus that the court erred by declaring the entire judgment to be void.

As discussed, *ante* in *Mojtahedi*, the court held the enforcement of an attorney's lien claim is a matter of contract between the attorney and client, and thus it must be resolved as between those contracting parties. (*Mojtahedi, supra*, 228 Cal.App.4th at p. 978 ["plaintiff provided the services to the clients, not to defendant"]; see *Carroll v. Interstate Brands Corp.* (2002) 99 Cal.App.4th 1168, 1172 [An attorney's lien is created by a fee contract between an attorney and client with either an express provision granting the lien or language stating the attorney will be paid for services rendered from the judgment itself].) Until that was accomplished, the attorney-plaintiff in *Mojtahedi* could not compel a third party holder of the funds—who in that case was the attorney who had succeeded him in representing the clients—to satisfy the lien from the funds recovered on the clients' behalf. That rule applies here.

But Williams further suggests the judgment provisions favoring Aresh must be vacated because the trial court failed to make the findings required by *Mojtahedi*. For example, he contends the "court's first required task was to determine whether Aresh has valid liens against each client's settlement. The underlying judgment does not contain any language regarding the validity of Aresh's liens, which means there is no legal basis for any monetary amount awarded to Aresh from the clients' settlements." He also claims the judgment failed to "determine the quantum meruit value . . . of Aresh's purported liens."

We are not persuaded for two reasons. First, there is no requirement that a judgment include detailed findings. (Code Civ. Proc., § 632.) It is presumed the court (or jury) will make sufficient factual findings to support a judgment; the burden is on the party challenging the judgment to demonstrate the opposite. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d. 1130, 1133.) Williams has not done so.

9

Second, the provisions of this judgment necessarily imply the findings that Williams claims are missing. By ordering Aresh's fees to be paid from the settlement funds, the court has necessarily found that his liens against those funds are valid and enforceable. And by assigning a particular dollar amount to the fees Aresh is entitled to recover, the court has necessarily determined the fair value of the services he rendered. Consequently, as to Aresh, this judgment does what *Mojtahedi* requires: it determined the existence, amount, and enforceability of Aresh's liens in an action between him and his former clients. (*Mojtahedi, supra*, 228 Cal.App.4th at p. 977.)

We reject Williams's contention that the litigation he insisted must take place between Aresh and his former clients alone—without involving Williams—is just the first step in determining the amount Aresh is entitled to be paid on his liens. There is no second step in which the attorneys are required to litigate a division of the contingent fees between themselves.[5] Each attorney has a separate contractual relationship with the client, and a separate claim for his own fees based upon his work and the terms of the agreement negotiated. While litigating the two attorney's claims together might be more efficient, and would avoid the possibility of inconsistent results, there is no requirement that they be combined into a single action.

Nor does Williams have grounds to complain that the enforcement of Aresh's liens, before resolution of his own, has somehow prejudiced him. Aresh's liens are entitled to priority over Williams's liens because they were established first. (Civ. Code, § 2897 ["[o]ther things being equal, different liens upon the same property have

---

[5]     Williams's contention that the "percentage split of attorneys' fees between a discharged attorney and subsequent attorney is a matter to be determined after the discharged attorney brings a separate action against the former clients to determine the lien's validity, value, and enforceability" appears to be based on a misreading of *Mojtahedi*. That case requires only that the first attorney establish the validity and the amount of the lien claim as against the clients before he can compel the second attorney to pay that amount out of the settlement funds.

priority according to the time of their creation"]; *Brown v. Superior Court* (2004)116 Cal.App.4th 320, 328; *Pangborn Plumbing Corp. v. Carruthers and Skiffington* (2002) 97 Cal.App.4th 1039, 1049 ["The general rule, all things being equal, is that liens have priority among themselves according to the date of their creation"].)

Finally, Williams argues the court properly vacated the portion of the judgment establishing the value of Aresh's fees because it had erred in analyzing the amount of fees Aresh was entitled to recover. Specifically, Williams claims "the trial court realized the errors and acknowledged that the specific monetary amounts awarded to Aresh could not be severed from the rest of the judgment, because the trial court specifically based those numbers upon a proportional split with Williams' contingency attorney's fees, using Williams' higher contingency rates, and without any evidence of the work done by attorney Williams." We disagree.

The amount of fees awarded to Aresh may or may not be the product of factual or legal error, but as a non-party to the judgment, Williams lacked standing to move to vacate it on that ground. (Code Civ. Proc., § 663 [allowing a court "upon motion of the party aggrieved" to set aside a judgment on the ground of "[i]ncorrect or erroneous legal basis for the decision, not consistent with or not supported by the facts"].) Because Williams is not bound by the judgment, he is not aggrieved by it. If Aresh's former clients believed the court erred in rendering the judgment in Aresh's favor, they had the right to file their own motion to vacate or to appeal the judgment. Our record suggests they elected to do neither.

Based on the foregoing, we conclude the trial court erred to the extent it vacated the provisions of the judgment establishing Aresh's entitlement to recover fees from the settlement funds obtained on behalf of his former clients. Williams remains free to pursue his own lien claims in a separate action or negotiation with the clients.

11

## DISPOSITION

The order vacating the judgment in its entirety is reversed, and the case is remanded to the trial court with directions that it enter a new order vacating only the provisions purporting to adjudicate (1) Williams's rights to the settlement funds and (2) the former clients' entitlement to be paid specific amounts of the settlement funds. The provisions adjudicating Aresh's rights to specific portions of the settlement funds are affirmed. Appellant shall recover his costs on appeal.


GOETHALS, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOTOIKE, J.

12

Filed 6/5/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| ZAAL ARESH,<br><br>    Plaintiff and Appellant,<br><br>      v.<br><br>MONICA MARIN-MORALES et al.,<br><br>    Defendants;<br><br>DANIEL WILLIAMS,<br><br>    Respondent. | G060579, G060827<br><br>(Super. Ct. No. 30-2020-01153341)<br><br>O R D E R |

Biren Law Group has requested that our opinion filed on May 16, 2023, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The request is GRANTED.

The opinion is ordered published in the Official Reports.

Respondent's petition for rehearing filed on May 31, 2023, is DENIED.

GOETHALS, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

MOTOIKE, J.